Dalter v. Laue & Guye.

---

## DALTER V. LAUE & GUYE.

1. SALE OF INTOXICATING LIQUORS. A sale of intoxicating liquors made in another State for the purpose and with the intent to enable one of the parties to violate the law of this State for the suppression of intemperance is void. It is otherwise when not made for that purpose.

2. DEFENSE AT LAW. A defendant in chancery will not be permitted to set up a defense, which he has neglected to interpose, and which he should have interposed, to an action at law involving the same subject-matter.

Dalter v. Laue & Guye.

*Appeal from Dubuque City Court.*

FRIDAY, OCTOBER 10.

THE facts are stated in the opinion of the court.

*John L. Harvey* for the appellant.

I. The transaction was a mortgage, and this may be shown by parol evidence. *Roberts* v. *McMahon,* 4 G. Greene, 34; *Montgomery* v. *Chadwick,* 7 Iowa, 114.

II. A judgment at law is no bar to a suit in equity when the bill states equitable grounds of relief. *Arnold* v. *Grimes and Chapman,* 2 Iowa, 1; *McClenehen* v. *Chambers,* 1 Monr., 43; *Taylor* v. *McCracken,* 2 Blackf., 260; *Gallagher's Executors* v. *Roberts,* 1 Wash. C. C. R., 320; *Lindley* v. *Cravens,* 2 Blackf., 426.

III. The right of plaintiff to set off the money paid to defendant for intoxicating liquors against the amount paid by defendant to Langworthy, is derived from § 15 of the act of January 22, 1855. (Rev. 1860, § 1751.)

*Burt, Angell & Lyon* for the appellee, contended.

I. That the former trial in the ejectment suit estops plaintiff from again litigating the same question in this action. *Dotey* v. *Brown,* 4 N. Y., 71, and the cases there cited; *White* v. *Coatsworth,* 6 Id., 137; *Campbell* v. *Ayres,* 1 Iowa, 257; *Wood* v. *Jackson,* 8 Wend., 9; *Ethridge* v. *Osborn,* 12 Wend., 399; *Gardner* v. *Buckbee,* 3 Cow., 120; 2 Phill. Ev., 1859, notes 262 and 292; *Heichew* v. *Hamilton,* 4 G. Greene, 317; *Davis* v. *Milburn,* 4 Iowa, 246.

II. That the character of the consideration should have been set up in the ejectment suit, and the party having failed to avail himself of it, he is estopped in this action. *Emberry* v. *Connor,* 3 N. Y., 522; *Braner* v. *Hone,* 2 Barb., 596; *Vail* v. *Vail,* 2 Barb., 241; *Voorhies* v. *The Bank of*

*the United States*, 10 Pet., 449; *Outram* v. *Morewood*, 3 East., 346; *Ethridge* v. *Osborn*, 12 Wend., 399; 2 Phil. Ev., 29; Wil. Eq. Jur., 161.

III. That he cannot now impeach the judgment in that action unless it was obtained by the fraud of the other party, or by mistake, unmixed with negligence on his own part. *Marine Insurance Company* v. *Hodgdon*, 7 Cranch, 332; *Duncan* v. *Lyon*, 3 John., 356; Willard's Eq. Jur., 160; *Kriechbaum* v. *Bridges*, 1 Iowa, 14.

IV. The evidence does not show that the contract was made in Iowa, or with a view to enabling the purchaser to violate the act of January 22d, 1855.

LOWE, J. — Suit in chancery commenced under the following circumstances: In October, 1858, plaintiff was indebted to defendants for liquors before that time purchased of them in the sum of about eleven hundred dollars, to secure the payment of which he, the said plaintiff, assigned to the defendants, a title bond which he held from L. H. Langworthy for the purchase of a lot in said Langworthy's addition to the city of Dubuque. By the terms of said bond, a conveyance of said lot was agreed to be made, upon the payment of $1,000. The plaintiff had paid a considerable portion of this sum, and made, as he claimed, valuable improvements upon the lot. In assigning the bond for the purpose aforesaid, the plaintiff authorized the defendants to obtain a deed for the property therein described in their own name, which they did by paying $398.38, the balance of the purchase money. Afterwards, upon this title deed, the defendants brought their action of right for the possession of said lot, and ejected the plaintiff, who duly appeared in said action, and made his defense.

In this attitude of things the plaintiff files his bill in this case to redeem said lot from the defendants, upon the

ground that his indebtedness to the defendants was for the purchase of liquors in violation of law, and therefore not recoverable; that he had before that time purchased and paid to defendants a thousand dollars for intoxicating liquors, in contravention of the act for the suppression of intemperance, which, by the terms of said act (§ 1571, Code of 1860,) became a debt due from defendants to him.

The sale of such liquors in violation of law is denied, and the judgment at law in the action of right is pleaded in bar to a second hearing upon the subject of this controversy. On the hearing of the cause, the court below found the facts and the equities with the defendants, and rendered a decree accordingly. The correctness of this decision, in our judgment is supported by the record. What passed between the parties at Dubuque only amounted at most to an executory agreement depending upon several contingencies that the defendants would furnish to the plaintiff a certain amount of liquors. But it did not include the elements of a contract of sale, which either party could in law demand and enforce against the other. Nevertheless, it is insisted by counsel in argument that if it should be held that the contract for the purchase of said liquors occurred at St. Louis, in the state of Missouri, still that the sale there by the vendors was made *with intent* to enable the plaintiff to violate the provisions of the statute of this state passed for the suppression of intemperance.

If this was true, the act would fall within the prohibitory clauses of said statute, and render the sale void, and the parties obnoxious to its penalties and forfeitures. But we are constrained to say from the evidence in the record that this is mere assumption. There is no proof to support the allegation; not even, that the vendors had any knowledge of the existence of such a law. If, then, the sale took place in St. Louis, and with no intent to enable the pur-

chaser to violate the laws of Iowa, the whole equity of the plaintiff's bill falls to the ground.

But in addition to this, it is true that in the absence of all fraud, accident or mistake, which is not alleged or pretended to have occurred in the action at law which established the title to the property in controversy in the defendants, it is not competent for the plaintiff to relitigate a matter which he could have successfully set up as a defense in the law action. For instance, it is very evident from the facts in this case, that the deed from Langworthy to defendants for the lot in question was, as between the parties to this controversy, a mortgage in fact, although not in form. If the consideration of this deed or mortgage was the sale of intoxicating liquors in violation of law, it was by the terms of the statute illegal and void in the hands of the holder, and would constitute a defense to an action founded upon it. This the plaintiff neglected to make, in the action at law; and his negligence in this respect is not now to be rewarded by affording him a second opportunity for doing so, in chancery.

Affirmed.