Whitlock v. Workman & Co.

## WHITLOCK v. WORKMAN & CO.

1. PLACE OF CONTRACT. The plaintiff sold and delivered to the defendants, in the city of New York, a stock of intoxicating liquors. A part of the consideration was at the time paid, a part was subsequently paid in Iowa, and the promissory notes in suit for the balance were executed in Iowa. It was *held*, that the contract of sale was completed in New York, and that the plaintiff should be treated as a foreign vendor.

2. SALE OF INTOXICATING LIQUOR. A contract for the sale of intoxicating liquors executed beyond the limits of this State, if made for the purpose of enabling the vendee to violate the act entitled "an act for the suppression of intemperance," approved January 22d, 1855, is void; but to sustain such a defense, such purpose on the part of the vendor, at the time of the sale, must be made to appear by the evidence.

*Appeal from Johnson District Court.*

FRIDAY, DECEMBER 11.

IN November, 1858, the defendants in this cause ordered and purchased of the plaintiffs, at the city of New York, a bill of goods consisting of intoxicating liquors and other merchandise, amounting to $4,444.24, including insurance and some items for cartage, on which was paid at the time, cash $425.11. These goods were shipped by plaintiffs to

defendants at Iowa City, and duly received about the 1st of December, 1858, by defendants, who paid the charges of transportation. By the terms of the sale, the defendants were to give notes for the balance due on the account, after paying $425.11, as aforesaid, and said notes were sent to Iowa City, Iowa, for signature, but were not signed and returned to the plaintiffs for some reason not disclosed in the evidence. In July, thereafter, the plaintiffs sent out their agent, a Mr. Sanderson, to settle the account. To him $500 cash was paid, and several notes on time were given for the balance. Upon these notes the present suit is brought. After denying the allegations of the petition, the defendants plead several special answers in bar to plaintiffs' recovery, the substance of which are that the notes were executed in part for intoxicating liquors; that said liquors were sold by plaintiffs with intent to enable the defendants to violate the provisions of an act entitled an act for the suppression of intemperance, approved January 22d, 1855; and further, that said notes having been executed in this State, are void. At the trial of the cause, the issues were found in favor of defendants, and a motion for a new trial being overruled, the plaintiffs appeal.

*Clarke & Davis* for the appellant.

I. The 15th section of the act for the suppression of intemperance, approved January 22d, 1855, does not declare the contract void, but deprives either party of a remedy to enforce it. The Legislature had the power to make this enactment. *Orcutt* v. *Nelson*, 1 Grey, 536.

II. This sale was completed in the State of New York. The delivery to the common carrier, the railroad company, was a delivery to the defendants. 1 Pars. Cont., 440; *Hind* v. *Whitehouse*, 7 East., 261; Story on Sales, §§ 288, 289; Smith on Cont., 431; *Orcutt* v. *Nelson* (*supra*); *Waldron* v. *Romaine*, 22 N. Y. (8 Smith), 368.

III. This being established, it is necessary for the defendants to establish the facts :

1. That the liquors were sold in New York in violation of the laws of said State, or

2. That they were sold, with the intent on the part of the plaintiffs, to enable the defendant to violate the laws of this State for the suppression of intemperance.

The sale was not contrary to the laws of the State of New York, · and the validity of the contract being determined by the law of the place where it is made, *it is not void.* (*Carnegie* v. *Morrison,* 2 Met., 397 ; *Dater* v. *Earl,* 3 Gray, 482 ; *Davis* v. *Bronson,* 6 Iowa, 410 ; 2 Pars. Cont., 82.) To render it invalid under the law of this State for the suppression of intemperance, it must be made to appear :

1. That the vendor had knowledge of the existence of the law. Ignorance of a foreign law is ignorance of fact and not of law, and the laws of another State are foreign laws. (*Haven* v. *Foster,* 9 Pick., 111 ; *Bank of Chillicothe* v. *Dodge,* 8 Barb., 233 ; *Norton* v. *Marden,* 3 Shep., 45 ; 2 Stark., 568 ; *Bean* v. *Briggs & Felthouser,* 4 Iowa, 464 ; Ed. Bills, 348.)

2. It must be proved that the liquors were sold with an unlawful and wrongful intent. Proof of knowledge of the existence of the law is not sufficient to show the wrongful intent. (*Kriep* v. *Soligman,* 8 Barb., 449 ; *Dater* v. *Earl,* *supra,* and *Orcutt* v. *Nelson, supra* ; *McIntyre* v. *Parks,* 3 Met., 207 ; Story Confl. L., § 253.)

*Rush Clark* and *Fairall* for the appellee.

LOWE, J.— On the trial, exceptions were taken in the matter of refusing to give, and giving, certain instructions to the jury, and the overruling the motion for a new trial. The ground of this motion was, that the verdict is against the evidence and the law of the case. The testimony, as a

whole, admits of but one construction in respect to the place where the contract was made, and that is, that it was entered into and consummated in the city of New York. The circumstance that some seven months or more after the sale and delivery of these goods, notes were signed in this State as evidence of the indebtedness, does not alter the case or change the place of the contract. The delivery of the goods to the transporting agents in the city of New York, was a delivery in contemplation of law to the defendants. If this is not so, why did they pay the cartage, the insurance for the safe transportation, and all the other charges of affreightment. (1 Pars. Cont., 440-443; Story Sales, §§ 288, 289; Story Cont., §§ 599, 800-805; Addison Cont., 242, 243.)

But it is claimed, as a matter of defense, that plaintiffs sold these liquors to defendants with the intent to enable them to violate the law of this State passed for the suppression of intemperance. In the case of *Dallèr* v. *Laue & Guye*, 13 Iowa, 538, we held, substantially, that such a defense was available in law against a foreign vendor of intoxicating liquors; but that the allegation of such a purpose, on the part of the vendor, at the time of sale, must be supported by some evidence tending to establish its truth. The evidence in support of this allegation in the case at bar is to be found, if at all, in the testimony of defendant, Workman, and his partner, Fairall, who were the only witnesses that testified for the defense; and it is somewhat remarkable, in view of the character of the verdict, that they state no fact or circumstance tending, directly or indirectly, to show that a violation of the temperance laws of this State, was within the contemplation of the parties before or at the time of the sale of said liquors, or that the slightest allusion was at the time made to said laws, or any other fact showing that it was the purpose or intent of the plaintiffs to enable defendants to violate said

laws, or that the plaintiffs even had any knowledge of the existence of said laws. It is true, these witnesses testify that the plaintiffs knew that the defendants resided in Iowa, and that the liquors sold would be taken to Iowa and resold; but this, without more, amounts simply to nothing. The sale of liquors in Iowa for some purposes is lawful under the act in question, and a foreign vendor of this article of merchandise cannot be implicated in the charge of an intent to enable the purchaser to violate the liquor law, without some evidence that he knew how and for what purpose these liquors were to be sold in this State. But in addition to the absence of any affirmative evidence to sustain the defense pleaded, one of the plaintiffs testifies positively that "at the time of the sale to defendants, neither he nor any member of his firm had any knowledge or information of the existence of any law in the State of Iowa prohibiting the sale of intoxicating liquors, or of any law in that State upon the subject," and this statement is nowhere contradicted.

Now, in this state of the evidence, it is quite inconceivable upon what ground the jury found a verdict for the defendants, and we are forced to the conclusion that it is our duty to order a new trial, for the reason that there seems to have been no adequate testimony to authorize the verdict.

In regard to the instructions asked by plaintiffs, we suppose the court did not refuse them because they fail to state in the abstract correct principles of law, but it may be because they propounded some principles which the state of the case, as shown by the evidence, did not call into requisition, and therefore it is, we presume, that the court deemed it expedient to supply its own instructions, but the manner in which it did this was well calculated to mislead the jury, and in a large degree accounts for the character of their verdict. The court say, "if, at the time

Whitlock v. Workman & Co.

of the sale of the liquors, it was agreed by the parties, that the goods were to be shipped to defendants at Iowa City, Iowa; that on and after their arrival (and not before), defendants were to execute their notes for the amount of the purchase, including the liquors and other goods, and that the notes sued on in this action are notes made in pursuance of such agreement, then the plaintiffs are presumed to contract with a knowledge of the laws of Iowa. If, on the other hand, the sale was completed in New York, without anything left to be done to complete a sale and delivery of the liquors, the plaintiffs will not be presumed to have knowledge of the laws of this State," &c.

This charge is somewhat vague, and however it was intended to be understood, it is susceptible of the meaning that it is the execution of the notes, and not the sale and delivery of the goods, that determines the place of the contract. This is a misconception. The evidence before us shows beyond a doubt that this was a New York contract; that the sale and delivery of the goods took place there; that they were shipped at the risk and expense of the defendants, and could have been attached as their property any time after the delivery of the same to the carriers at New York, and if the notes had never been executed, it would not in law alter the rights of the parties.

It is true, it was competent for the parties to have made a contract, to the effect that the plaintiffs should, at their risk and cost, deliver the goods sold, at Iowa City, and that the defendants should execute and deliver their notes for the purchase money before the title should pass to them. Under such a contract the above charge would have been proper, but under the contract proven, it was erroneous, and calculated to mislead. The cause is reversed and remanded for a new trial.

Reversed.