The Second National Bank of Louisville, Ky., v. Curren.

THE SECOND NATIONAL BANK OF LOUISVILLE, KY., v. CURREN.

1. **Intoxicating liquors: CONTRACT FOR.**  The sale of intoxicating liquors in this State, in violation of the law for the suppression of intemperance, by an agent of a firm residing in another State, will be held illegal without any showing of intent to enable the buyer to violate the law.

2. —— But to defeat a recovery on a contract of this character, made with the firm in the State where they reside, it must appear that the sellers had knowledge of our law and made the sale with intent to enable the purchaser to violate the same.  Knowledge of the law alone would be insufficient.

3. **Verdict and jury: DIRECTION OF VERDICT.**  Where the facts on a given point are not controverted, the court may properly direct the verdict thereon.

4. **Principal and agent: NOTICE TO AGENT.** The rule that knowledge of the agent is knowledge of the principal cannot be extended beyond the particular transaction in which the agent is authorized to act.

*Appeal from Winneshiek District Court.*

WEDNESDAY, JUNE 11.

ACTION upon two drafts, one dated April 5, 1871; the other, May 30, 1871, drawn by Chase & Co., of Louisville, Ky., and accepted by defendant at Decorah, Iowa; both were indorsed to plaintiff by the drawers, to whose order they were payable. The defense to the action is, that the paper sued on was given for the purchase of intoxicating liquors, to be sold in this State in violation of law, of which purpose and the law of the State forbidding the sale, the seller of the liquors was informed at the time; and that the liquors were sold in this State in violation of law, of all which plaintiffs had notice before the drafts were assigned to them. There was a verdict and judgment for plaintiffs upon the second draft, and for defendant on the first. Both parties appeal.

*M. P. Hathway* for the plaintiff.

*L. Bullis* for the defendant.

BECK, Ch. J. — I. We will first consider the points made upon plaintiffs' appeal. It very conclusively appears from the evidence before us that the liquor for which 1. INTOXICATING LIQUORS: contracts for. the first draft was given, was obtained by defendant through a negotiation with an agent of Chase & Co., made in Decorah, and that it was sent upon an order given to such agent there. Whether the transaction with the agent amounted to an absolute sale, or was simply an order subject to the approval of Chase & Co., does not clearly appear from the evidence before us, all of which, however, is not given in the abstract. But the court, in an instruction, states that "it is admitted that the drafts were

given for whisky, a part of which was sold to defendant by an agent of Chase & Co., and the other bill was ordered by letter written by defendant to Louisville, Ky., directed to Chase & Co." It thus appears that the facts of the case as they were before the court as to the first draft, were to the effect that it was given for the whisky purchased of the agent in Iowa. Nothing is found in the abstract contradicting the statement contained in the instruction. The sale of the liquor for which the first draft was given was an Iowa contract, and if made in violation of our statute, no recovery can be had thereon. It would stand as any other contract made within the State in violation of the same statute. *Tegler & Co.* v. *Shipman*, 33 Iowa, 194. In this view the instruction of the court to the effect that the jury, to enable them to find for defendant on the first drafts, must find that the agent had knowledge of the law of this State concerning the sale of intoxicating liquors, which is objected to by the plaintiff and designated as No. 4, was not to its prejudice. If erroneous, it is so in stating the law too favorably for plaintiff. No instruction asked by plaintiff correctly expressed the law as applicable to this branch of the case. Those that were intended to apply thereto were properly refused.

The court instructed the jury that if plaintiff held the drafts for collection the paper is subject to the defense pleaded against it. This instruction is clearly correct and was not excepted to by either party. There was evidence at the trial tending to prove that the drafts were held in that way by plaintiffs.

II. The second draft was given for liquors ordered by defendant from Chase & Co., and his orders therefor were sent directly to them at Louisville, Kentucky. The sale was not made through an agent. All of the evidence upon this point is to that effect, without any thing in contradiction thereof. Besides, as we have seen, the court in an instruction to the jury states such fact was admitted. The sale of the liquors then, for which the last draft was given, was a Kentucky contract. To defeat recovery upon this draft it was necessary for defendant to show that the sale was made by Chase & Co. with

an intent on their part to enable defendant to violate the statute for the suppression of intemperance. Rev., § 1571; *Whitlock* v. *Workman*, 15 Iowa, 351; *Dalter* v. *Lane & Guye*, 13 id. 538.

The court directed the jury to the effect that the last transaction was a Kentucky contract, and that, in order to defeat the recovery thereon, defendant was required to show "that Chase & Co. had knowledge of the law of Iowa, or that the agent in the first transaction actually notified them of the law, of which there is no evidence. So will you find for the plaintiff on the second draft, as there is no evidence tending to defeat the recovery on it."

3. VERDICT AND JURY: direction of verdict.

This instruction does not present the true rule of the law upon the subject involved. Knowledge of the law alone, on the part of the seller of intoxicating liquors, when the contract is made in another State, and is not in violation of the laws thereof, will not defeat recovery thereon here. Rev. 1871, *Whitlock* v. *Workman* and *Dalton* v. *Lane & Guye et al.*, *supra*. There must be an intent on the part of the seller "to enable any person to violate some provision" of our statutes for the suppression of intemperance. It may be necessary to establish by proper evidence the knowledge possessed by the seller of the provisions of our statute, in order to show the intent, but such knowledge alone will not have that effect. In addition to such knowledge it must appear that the seller knew that the liquors were to be sold here in violation of law. This may be established as other facts, by competent circumstantial evidence. The error of the instruction is in stating the law against the plaintiff, and to his prejudice. Defendant cannot complain of the ruling. The facts assumed by the instruction are conclusively shown by the record and the admission stated by the court, which is above referred to. There was, indeed, no controversy in regard to them. The court's direction, therefore, to the jury to find for plaintiff on the second draft was not erroneous. *Thorp, Smith & Hanchet* v. *Craig*, 10 Iowa, 461; *Allen* v. *Pegram*, 16 id. 163.

The Second National Bank of Louisville, Ky., v. Curren.

But it is said that the finding of the jury is in conflict with this instruction, as the evidence shows that Chase & Co. did have knowledge of the law of this State forbidding the sale and traffic in intoxicating liquors to be used for illegal purposes. This position counsel attempt to support by the fact that the agent of Chase & Co. had, or is presumed to have had, knowledge of our law at the time of the first transaction. The knowledge of the agent, it is insisted, charged Chase & Co. with notice of the Iowa law. Their knowledge continued to the second transaction, and, as the order for the liquors then given informed them that it was intended to be sold at defendant's "bar," they must be presumed to have had both knowledge of the law and the intention of defendant in making the purchase. But the error in this view is found in the following considerations: Admitting that the knowledge of the agent is regarded by the law as the knowledge of the principal, yet it must be confined to the particular transaction in which the agent is authorized to act. There is no presumption of law that the agent imparted to his principals his information and knowledge as to the law in question. The principals are chargeable with knowledge in the first case, on the ground that the agent acted for them, in their place; that his acts were their acts, and that his knowledge of all matters involved in the transaction was their knowledge. With that transaction his relation to them ceased, and they cannot be charged, in subsequent transactions with which he had nothing to do, with knowledge possessed by him while acting as their agent. An instruction embodying these views of defendant's counsel was properly refused.

*4. Principal and agent: notice to agent.*

The foregoing discussion disposes of all the points made by the counsel of the respective parties. It is our opinion that the judgment of the district court ought to be affirmed upon the appeal of each party.

Affirmed.