TAYLOR & CO. v. PICKETT ET AL.

1. **Intoxicating Liquors:** PLACE OF SALE: WHEN MADE BY AGENT. A sale of intoxicating liquors by an agent is considered as made where the order is given. unless such order, after being forwarded to the principal, is to be subject to his approval before it is filled.

2. ———: DEALER IN: ILLEGAL USE. It is the duty of one authorized to sell intoxicating liquors for legal purposes to exercise due diligence and act in good faith in making such sales; when this is done, he is not responsible for the illegal use made of liquors by a purchaser.

3. ———: PROMISSORY NOTE: WHEN VOID. The word securities, as used in section 1550 of the Code, embraces promissory notes, and under such section a note given in part for intoxicating liquors sold in violation of law is wholly void and cannot be enforced, even to the extent of the legal consideration.

*Appeal from Wapello Circuit Court.*

FRIDAY, DECEMBER 5.

THIS action was commenced in February, 1877, upon a note executed by the defendants to plaintiffs for $286.42, dated April 6th, 1876, due in nine months. After the action was commenced the plaintiffs obtained an attachment against the property of the defendant Evans.

The defendants answered as follows:

*First.* Both say that the note was given for intoxicating liquors sold to Pickett in violation of law.

*Second.* Pickett sets up the sale of intoxicating liquors to him at various times in 1875 and 1876, in violation of law, and on valid promises to repay the purchase price, amounting to $579.

*Third.* Evans alleges that he signed the note as surety; that Pickett promised to obtain a co-surety before delivering the note; that he did not do this, but delivered the note in violation of his agreement; all of which was known to plaintiffs.

*Fourth.* Evans, also, by way of cross-action, claims damages for the wrongful suing out of the attachment.

There was a jury trial and a special finding, as follows:

That Evans was damaged in the sum of $82.70, by the wrongful suing out of the attachment, and that part of the consideration of the note, to-wit: $46.50, was for intoxicating liquors sold in violation of law.

Thereupon the plaintiffs moved the court for judgment against the defendant Pickett, for the amount of the note sued upon, less $46.50, and against the defendant Evans for the amount of the note, less $46.50, and also less $82.70, for the reason that the note was admitted, and no verdict on the general issue was found for the defendants. The plaintiffs also moved the court to set aside the verdict and grant a new trial. The court overruled both motions and entered a judgment against plaintiffs on the note and for $59.60 costs, and in favor of Evans against plaintiffs on the attachment bond for $82.70. The plaintiffs appeal.

*Wm. McNett* and *Wright, Gatch & Wright*, for appellants.

*John B. Ennis*, for appellees.

DAY, J.—I. The defendants, in support of the allegations of their answer that plaintiffs had sold to the defendant Pickett intoxicating liquors in violation of law, offered in evidence an indictment found in the Mahaska District Court, April 28th, 1876, charging Pickett with nuisance committed by the sale of intoxicating liquors. The plaintiffs objected to the introduction of this evidence because the indictment was found long after the note sued upon was given, and is immaterial and incompetent as evidence. The objection was overruled and the indictment was admitted in evidence, as stated in the abstract, to show the fact of the sale of the liquors. This action of the court the plaintiffs assign as error. The indictment was clearly inadmissible to establish any fact in this case. In admitting it in evidence the court erred.

II. The plaintiffs introduced license from the board of supervisors of Wapello county, authorizing them to buy and sell 1. INTOXICA- intoxicating liquors for the purposes named in the TING liquors: place of sale: statute. The statute provides that the person obwhen made by agent. taining a permit to sell may sell in the county of

his residence, and that the permit shall specify the house in which intoxicating liquors may be sold. Code, sections 1526 and 1531. The liquors sold to the defendants were ordered by them through an agent of the plaintiffs at New Sharon, in Mahaska county. Upon this branch of the case the court instructed the jury as follows:

"22. A party holding a permit has no right to sell at other places than that at which the permit authorizes him so to do, and a sale made at some other place would be illegal, but when an order is sent by mail to the house, and the order filled at the house, then it would be a sale at the house where the order is filled.

"23. When an order is taken by an agent, subject to approval, and is not finally accepted until it reached the plaintiff's place of business, then it would be a sale at the house.

"24. If the order is taken, but not subject to approval, and taken by the agent at a different place from the plaintiff's business house, then the sale so made would be illegal."

The appellants complain of the giving of the 24th instruction. They insist that the sale, in the contemplation of the statute, is made at the place where the property is kept, and where it is set apart and designated for the purchaser. This point has been determined adversely to the position of appellants in *Tegler & Co. v. Shipman*, 33 Iowa, 194. In that case the plaintiffs, wholesale liquor dealers in Rock Island, Illinois, procured orders for the liquors in question through their agent at Jefferson, Iowa. The court say: "The pivotal question in the case is as to where the contract was made. If the agent sold the liquors to the defendant in Jefferson, and forwarded to his principal a statement of such sale for them to fill by forwarding the liquors specified, then it was an Iowa contract, and if the plaintiffs had no license to sell such liquors here, then they cannot recover. If the agent simply took an order from defendant upon his principals in Rock Island, which they might fill or refuse at their option, it was a Rock Island contract, and the plaintiffs can recover unless it is shown that they sold the liquors with intent to enable the defendant to violate the provisions of the act for the suppression

of intemperance." The above instructions are in harmony with the doctrine of this case, and are not erroneous. See, also, *Second National Bank of Louisville v. Curren*, 36 Iowa, 555.

III.   The court instructed the jury as follows: "It is the duty of the party holding a permit to sell to ascertain the purpose for which it is purchased at the time he makes the sale, and at such time to use due care and caution to ascertain that the purpose is a lawful one, and made in good faith, and a sale so made without so ascertaining is made by the party at his peril, and he must bear the consequences of his neglect to do so where the purpose for which it is bought is illegal, and if he fails to ascertain it, then the burden is on the party selling it, to show that it was purchased for a lawful purpose." The giving of this instruction is assigned as error. Complaint is made of the use of the word ascertain. To ascertain is to make certain. We are of opinion that the instruction imposes a duty not required by the law. A person having a permit to sell can sell for certain specified purposes only. But it is not incumbent upon him to make certain that the person to whom he sells intends to use the liquors only for these lawful purposes. All that is required of him is that he shall exercise due diligence and act in good faith. If, notwithstanding such diligence and good faith, he is deceived, he is not responsible. The case relied upon by appellee, *Jamison v. Burton*, 43 Iowa, 282, is not in point. That was a case of the sale of intoxicating liquors to a minor.

The statute makes such sale an offense without reference to the knowledge of the seller that the purchaser was a minor. The law does not declare the person selling under a permit, for the purposes authorized by statute, liable if the purchaser entertains a secret purpose of using the liquors for an unlawful purpose. We think this instruction is erroneous.

IV.   The court instructed the jury as follows: " If you find that a part of the consideration of the note in question was for intoxicating liquor sold in violation of law, then the entire note would be void, and plaintiffs cannot recover." When a note has been executed for a consideration

*2. ——: dealer in: illegal use.*

*3. ——: promissory note: when void.*

which is in part illegal there seems to be a conflict of authority whether the note can be enforced for the legal consideration, or should be treated as void, and the party remitted to his action upon the original contract. We deem it unnecessary to determine this question in this action. Section 1550 of the Code provides: " All sales, transfers, conveyances, mortgages, liens, attachments, pledges and securities of every kind, which either in whole or in part shall have been made for or on ac-account of intoxicating liquors sold in violation of this chapter shall be utterly null and void against all persons in all cases." The word security is frequently applied in legal parlance to a bill of exchange, or a note, which is the mere evidence of a debt, and that is the sense in which we think it is employed in this section. All other securities are embraced under the head of mortgages, liens, attachments and pledges, That promissory notes are embraced in this section fully appears from the subsequent saving clause in the section, as follows: "Nothing, however, in this section shall affect in any way negotiable paper in the hands of holders thereof in good faith for valuable consideration, without notice of any illegality in its inception or transfer." The fair inference from this exception is that if the note be not negotiable, or not in the hands of a holder in good faith, for value, without notice, it shall be affected by this section. We think that, under this statute, a note, a part of the consideration of which is intoxicating liquor sold in violation of law, is void, and that the court did not err in giving the instructions in question. For the errors considered the judgment is

REVERSED.