PETER KOSTER v. CHARLES SENEY, Appellant.

**Garnishing Debt:** SELLING PROPERTY MORTGAGED, IN PART, FOR
1 LOTTERY TICKETS: *Construction of statutes.* Under Code section
4029, providing that all notes or contracts, mortgages, etc., when
any part of the consideration thereof is money laid, staked, or bet
at or upon, any game or wager, are absolutely void; a note and
chattel mortgage, part of the consideration of which is the price
of tickets for a raffle of a piano, are void and no prosecution
lies for selling the mortgaged property without the consent of
the mortgagee.

SAME. The illegal character of the transaction is not affected by the
2 fact that the raffle never took place.

**Malicious Prosecution:** ADVICE OF ATTORNEY. In an action for mali-
3 cious prosecution, it is no defense that defendant submitted the
case to the prosecuting attorney, and acted on his advice, when it
appears that all the facts bearing on the question of probable cause
were not submitted.

*Appeal from Franklin District Court.*—HON. S. M.
WEAVER, Judge.

MONDAY, OCTOBER 26, 1896.

ACTION for malicious prosecution. Judgment for
plaintiff, and the defendant appealed.—*Affirmed.*

*John M. Hemingway* for appellant.

*Taylor & Evans* and *E. P. Andrews* for appellee.

GRANGER, J.—I. The plaintiff and others exe-
cuted to the defendant two promissory notes, and
secured the same by a mortgage on certain corn and
other property. On the fifteenth day of December,
1893, the defendant filed with a justice of the peace
an information charging plaintiff with the crime of
larceny in the sale or disposition of the corn so

mortgaged. The plaintiff was arrested and imprisoned, and, afterwards, the prosecution was dismissed, and the plaintiff discharged. Plaintiff brings this action for damages, alleging the prosecution to have been malicious.

II. The two notes secured by the mortgage aggregated nine hundred and seventy-two dollars and seventy-five cents, when made. Of the consideration for the notes, eleven dollars was for tickets sold by defendants to plaintiff and others, in a lottery scheme for a piano. The court gave to the jury the following instructions: "Under the law of this state, if any mortgagor of personal property, while the mortgage remains unsatisfied, willfully sell or dispose of any of the mortgagee's property, without consent of the holder of the mortgage, he is guilty of larceny. If, then, you find that the defendant held a valid mortgage on plaintiff's corn, and while said mortgage was still unsatisfied, and without defendant's consent, plaintiff sold or disposed of any of such corn, aided or assisted in such wrongful sale or disposal, then he was guilty of larceny. But if you find that any part of the debt sought to be secured by such mortgage was for chances or tickets in a raffle or lottery or game of chance, then the instrument was void, and the plaintiff would not be guilty of larceny in disposing of the corn." The objection is to the latter part of the instruction, in which the mortgage is held void if any part of the debt secured by it was for tickets in a raffle or lottery. Appellant says in argument: "It is well settled that a note given for lottery tickets is void, as well as a note given in payment of a bet. We contend, however, that a note given only in part for lottery tickets, and the balance for a good and valid consideration, is valid so far as the valid consideration goes, when the valid and invalid parts are clearly distinguishable, as in this case." It will

be seen that our consideration is limited to the question of whether or not, when a part of a note is for such a consideration, and that part is distinguishable, the note, as to the valid consideration, is good. It is not important that we consider or determine the common law rule as to the legal status of a note the consideration of which is "in part legal and in part illegal," because of the following statute, directly applicable to this case (Code, section 4029): "All promises, agreements, notes, bills, bonds, or other contracts, mortgages or other securities, when the whole or any part of the consideration thereof is for money or other valuable thing won or lost, laid, staked or bet, at or upon any game of any kind or in any wager, are absolutely void and of no effect." The argument concedes, as it must, that the part of the consideration for the notes represented by the lottery tickets is invalid, and with that concession, the statute seems to conclude the question, for it, in terms, makes such notes, and the mortgage securing them, absolutely void, when the whole, or any part, of the consideration thereof is for money or other valuable thing staked or bet at or upon any game of any kind. Both upon reason and authority a lottery is a game,— a game of chance. Bishop St. Crimes, section 952; 8 Am. & Eng. Enc. Law, 993, and authorities cited. The inapplicability of the statute is urged under a claim that a lottery is not within its provisions, and it is said that money paid for chances in a lottery never returns; that it is not laid, staked, or bet. The legislature evidently intended, by the use of different terms, to be comprehensive in scope, and bring within the provision of the section the various devices for gambling. It makes void any promise to pay when the consideration is for money or other valuable thing won or lost, laid, staked or bet, at or upon any game of any kind. It is said that money so paid

for tickets is not laid, staked, or bet. One of the definitions of the verb "lay" is "to risk." Money paid for lottery tickets is risked on the chances of success at the drawing. To stake money is to put it "at hazard on the issue of competition, or upon a future contingency." Money paid for lottery tickets is staked on a game of chance. Appellant refers to some cases, none of which are based on a statute in terms making an instrument void when a part of the consideration is illegal. *Casady v. Woodbury County*, 13 Iowa, 117, is one of the cases cited. Its inapplicability is apparent. Another case cited is *Taylor v. Pickett*, 52 Iowa, 467 (3 N. W. Rep. 514). It is a case in which a part of the consideration for a note was intoxicating liquors sold in violation of law. The court below instructed that the note was void if any part of the consideration was for liquors so sold, and the rule was sustained under a statute similar to the one cited for this case. See Code, section 1550. The case is clearly in support of our holding. We should say that, in a reply, appellant concedes that the case was cited by mistake.

III. It appears from the evidence that the lottery for which the tickets were sold never took place, and that fact is urged against the rule of instruction. The fact that the lottery did not take place in no way changes the consideration of the notes. The notes were as void before the time the lottery was to take place as they would have been after it had taken place. The illegality tainted the inception of the notes, and made them and the mortgage void from the beginning. It was the unlawful contract or agreement, and not the fact of the lottery; that affected the notes.

IV. The plaintiff, as a witness in his own behalf, said, he and the defendant had some trouble on other matters,—some suits. The defendant was afterward

asked this question: "The plaintiff, Peter Koster, when he was on the stand yesterday, said something about having some trouble with you, or you with him, about this transaction that occurred, that is now in controversy. State what that is about." The question was excluded, under objection by plaintiff, and complaint is made of the ruling. Appellant argues the point as if the question excluded referred to the other suits or trouble, which were as to other matters than those involved in this suit. It will be seen, that the question refers only to trouble about the transaction "now in controversy." Looking to the record, and the connection of the question with other evidence, does not sustain appellant's theory. The question immediately follows testimony in regard to matters connected with the controversy in this suit, which fact, with the language of the question, leaves little room for doubt as to what was intended. No question is made as to the correctness of the ruling, if the question applies to the present controversy.

V. The answer of defendant shows that before he filed the information he submitted the facts to the county attorney of Franklin county, and that, in signing it, he acted under the advice of such attorney as to there being probable cause for so doing. It is also averred that he acted in good faith. It is urged that the evidence fully supports this defensive plea, but we think not. A number of important facts that might bear on the question of probable cause were not stated to the attorney, and which, had they been stated, would likely have lead to different advice. The instruction of the court guarded the rights of the defendant in this respect, and upon the question of fact the verdict is conclusive. Nor do we concur in the claim that the verdict, upon the whole case, is not sustained by the evidence. There

is a conflict, but the weight of evidence in support of the verdict is conclusive upon us.   The judgment is AFFIRMED.