## GROSS & HORNUNG V. SCARR.

1. **Intoxicating Liquors:** ILLEGAL SALE NOT PRESUMED: EVIDENCE. A violation of the law in the sale of intoxicating liquors will not be presumed, but the contrary; and whoever sets it up must prove it. In this case, the evidence (see opinion) that a sale was consummated in a county where plaintiffs had no right to sell is *held* not sufficient to establish that claim.

*Appeal from Cass Circuit Court.*

MONDAY, JUNE 13.

ACTION to recover for balance of an account for intoxicating liquors sold and delivered to the defendant. The defendant pleaded certain payments, and also that the contract of sale of a part of the goods was made in Cass county, and of part in Montgomery county, and that the plaintiffs had no permit to sell in those counties, and that the sales were illegal. He also pleaded a counter-claim for money paid on account of illegal sales of liquors. The plaintiffs denied that the sales were illegal, and denied that they were made in Cass or Montgomery county. There was a trial to the court without a jury, and judgment was rendered for the defendant, though for much less than he claimed, and he appeals.

*Rockafellow & Scott*, for appellant.

*W. F. Rightmire* and *S. L. Glasgow*, for appellees.

ADAMS, CH. J.—The plaintiffs are merchants doing business in Burlington, Des Moines county, and under a permit from the board of supervisors of that county to sell intoxicating liquors. The defendant is a registered pharmacist doing business as a druggist in Cass county, and the liquors were sold for the purposes of medicine, so far as the plaintiffs knew. The principal question discussed by counsel is as to whether the sales were made in Des Moines county, where the plaintiffs had a permit to sell. The fact appears to be

that the sales were made upon orders taken by one of the plaintiffs in part in Montgomery county, and in part in Cass county. These orders were transmitted to the plaintiffs' house in Burlington, and there filled. The question upon which the parties differ is as to whether there was a completed sale at the time the orders were taken. The evidence as to what was said at the time the orders were taken is very meager and unsatisfactory. Taking the defendant's testimony alone, we ought perhaps to infer that he thought that there was a completed sale at the time the orders were taken, but we are unable to find that a word was said which was sufficient to justify him in so thinking. There was some evidence of a payment made at one time, but it is not shown that it was made on the order then taken. On the part of the plaintiffs, we have the testimony of the person who took the orders, and he says that "no sales were considered made until the orders received the approval of the house in Burlington."

We will not presume a violation of the law, but the contrary; and whoever sets it up as the foundation of a right of recovery must prove it. The defendant places stress upon the fact that the person taking the orders was one of the plaintiffs. He insists that this person not only had power to make a contract of sale at the time the orders were taken, but that his testimony that the orders were not to be considered as approved until received by the house in Burlington is improbable. That the plaintiff Gross, who took the orders, had the apparent power to make the sale, may be conceded. But we see no improbability in his testimony tending to show that the orders were not to be approved except by the house in Burlington. It was there alone that the fact could be determined as to whether the house had the goods in stock in sufficient quantity at the time. It was there, probably, that the defendant's previous account could be best examined, and commercial reports consulted, and the defendant's

promptness and responsibility determined. But, above all, it was there that a sale could be made which was not in violation of law.

The evidence is not such as to justify us in saying that the court below erred.                              AFFIRMED.