THE STATE OF IOWA, Appellee, v. A. KRIECHBAUM,
Appellant.

1.   Intoxicating Liquors : ILLEGAL SALE: EVIDENCE.   In a pros-
ecution for the illegal sale of intoxicating liquors to a person
named, the books of an express company showing the dates upon
which boxes of goods shipped from the defendant's place of resi-
dence to such person were received at the residence of the latter,
and that they were delivered to him, and the date of such delivery,
is material.

2.   ——: —— : OFFENSE COMMITTED IN TWO COUNTIES : JURISDIC-
TION.   Where orders for intoxicating liquors are taken by an
agent in one county, subject to the approval of his principal in
another county of the state, the courts of either county may take
jurisdiction of the offense.

3.    ———— : ———— : EVIDENCE : BURDEN OF PROOF.  Where such pros-
      ecution is against one holding a permit under the law to sell intox-
      icating liquors, and the fact that sales of liquors have been made
      by defendant is not questioned, the burden of proof is upon him
      to show that the sales were not in violation of law.

4.    ———— : ———— : PRINCIPAL AND AGENT.  An agent who solicits
      orders for intoxicating liquors, subject to the approval of his prin-
      cipal, is subject to prosecution for the unlawful sale of such liq-
      uors, though his principal holds a permit to sell under the law.

*Appeal from Decatur District Court.*—HON. R. C.
HENRY, Judge.

### FRIDAY, JANUARY 23, 1891.

THE defendant was convicted before a justice of the
peace, upon an information charging that in Decatur
county, Iowa, on or about April 18, 1889, he unlawfully
sold intoxicating liquors to one, Creed Bobbett, and
that, in said county, on or about December 26, 1888, he
unlawfully sold intoxicating liquors to Henry Otten.
Upon appeal to the district court, the defendant was
again convicted, and judgment entered against him,
from which he appeals to this court.

*E. W. Curry* and *P. Henry Smythe & Son*, for
appellant.

*John Y. Stone*, Attorney General, and *C. W.
Hoffman*, for the State.

GIVEN, J.—The following facts are fully established
by the testimony : One A. Hubner was engaged in bus-
iness as a dealer in intoxicating liquors at Burlington,
Des Moines county, Iowa, and held a permit to sell for
lawful purposes, which permit, under chapter 71, Acts
Twenty-second General Assembly, remained in force up
to the September session, 1888, of the district court in
that county.  Owing to the expiration of his permit,
and the fact that, under the laws of Iowa, as they then
were, Mr. Hubner could not get a permit, he quit busi-
ness in Burlington.  In September or October, 1888,

Hubner and others organized a corporation, under the laws of Illinois, called the "Dallas Transportation Company," for the purpose of carrying on the business of dealing in intoxicating liquors, Hubner selling his stock to the company. The place of business was at Dallas, Illinois, on the east shore of the Mississippi river, sixteen miles south of Burlington. Hubner was president of the corporation, and had charge of the business, with the assistance of a bookkeeper. Though Hubner continued to reside in Burlington, the stock and books of the company were kept at Dallas. The defendant was in the employ of Hubner until the time he quit business in Burlington, and thereafter with the Dallas Transportation Company, his powers and duties being the same under both employments. He was authorized to travel over certain parts of this state, and solicit orders for intoxicating liquors. When an order was received, he sent it to Hubner, at the place of business, and, if the order was approved, the liquors were shipped from there to the person giving the order, at the place designated. Defendant traveled over his route every five or six weeks, and at each trip was furnished with unpaid bills against customers on his route, for liquors previously ordered and shipped, which bills he collected, and remitted the money to his employer. About July 12, 1888, and at other times prior to September, 1888, Henry Otten gave defendant orders for beer and whiskey at Leon, in Decatur county, upon which the liquors were shipped and delivered to Otten at that place. Other orders were given by, and shipments made to, Otten in the same way after the business was opened at Dallas. Otten sometimes paid for the liquors after delivery at Leon, and sometimes by sending a draft. Sales were made in the same way to C. E. Bobbett before and after Hubner quit business in Burlington, differing only in this, that Bobbett always paid for his liquors at Leon after delivery.

I. The errors assigned and discussed present two questions, namely, whether the court erred in admitting

**1. INTOXICATING liquors: illegal sale: evidence.** certain testimony, over defendant's objection, and whether the evidence sustains the conviction. On the trial, certain entries in a book shown to have been kept by the American Express Company in its office, at Leon, were admitted in evidence, over defendant's objection that they were copies of former entries, and immaterial. The witness who kept and identified the book did say that the entries were copies, but, on further examination, showed that they were original entries. They showed the dates upon which boxes of goods shipped from Burlington to C. E. Bobbett were received at Leon, and that they were delivered to Bobbett, and when. These facts were material, as tending to show the sale of liquors to Bobbett, and were originally stated in the entries offered. Therefore, there was no error in overruling defendant's objection.

II. Appellant contends that, as the orders taken by him in Decatur county were taken subject to the approval of his employer at another place, **2. ——: ——: offense committed in two counties: jurisdiction.** no sales were made in that county, nor by him at any place. A number of cases are cited wherein this court has held that, when orders are taken by an agent at one place, subject to approval by his principal at another place, there is no contract until the order is approved, and that the place where approved is the place of the sale. *Tegeler v. Shipman*, 33 Iowa, 194; *Engs v. Priest*, 65 Iowa, 232; *Gross v. Scarr*, 71 Iowa, 656. The liability of the defendant does not, however, depend upon whether the sales were completed in Decatur county. Section 4159 of the Code provides that, "when a public offense is committed in part in one county, and part within another, or when the acts or effects constituting, or requisite to the consummation of, the offense occur in two or more counties, jurisdiction is in either county." If the sales made on orders approved at Burlington were unlawful, then an offense was committed in part in Decatur county, and part within Des Moines county, and jurisdiction was in either. The orders were taken,

and liquors delivered and paid for, in Decatur county, and the orders were approved, and liquors shipped, in Des Moines county.

III. We next inquire whether the sales made on orders approved by Hubner in Des Moines county were

3. ——: ——: evidence: burden of proof.

unlawful. Appellant contends that, as Hubner held a permit at the time, the sales were not in violation of law. That sales were made is not questioned. The burden is, therefore, on the seller to show that they were for authorized purposes. Code, sec. 1549. No such evidence was offered, and the character of the sales was such as to warrant the conclusion that they were not for lawful purposes.

IV. We have seen that, in taking the orders subject to the approval of his employer, the defendant did

4. ——: ——: principal and agent.

not make a complete sale. Section 1540 of the Code, under which this charge is prosecuted, makes it a misdemeanor for any person not holding a permit to sell intoxicating liquors, and provides that all clerks, servants and agents engaged or employed in the manufacture, sale or keeping for sale, in violation of the chapter, of any intoxicating liquors, shall be charged and convicted in the same manner as principals may be. This defendant was an agent employed in the sale of intoxicating liquors, in violation of the chapter named. To say that he is not amenable to the law, because he did not make a completed sale, would be to put it in the power of two persons, by such a plan of selling, to defeat the evident purposes of the law. It is true, as held in *State v. Douglass*, 73 Iowa, 279, that Hubner could not be prosecuted under section 1540, even if he had made the sales in person, as it is expressly limited to persons not holding a permit; yet he would be amenable, under other sections, if the sales were unlawful. Without now determining how far a permit held by a principal will protect his agent, we are clearly of the opinion that it is no protection as to unlawful sales. Said section 1540 makes all clerks, servants and agents liable who are

employed or engaged in the unlawful business, regardless of whether the principal holds a permit or not.

It follows, from these conclusions, that there is ample evidence to support the conviction, and it is, therefore, unnecessary that we notice the questions discussed with respect to the sales on orders to the Dallas Transportation Company. The judgment of the district court is AFFIRMED.