STATE OF IOWA, Appellant, v. L. L. COLBY.

**Selling Liquor.** Where one who has no place of business in Iowa and has no interest in the business which he pursues takes orders for liquors in Iowa, subject to the approval of his principal in another state, no crime is committed in this state.

**Criminal Practice:** ESCAPE OF PRISONER. Where one who has fled, pending appeal, is present when trial is reached, his appeal should not be dismissed.

*Appeal from Kossuth District Court.*—HON. GEORGE. H. CARR, Judge.

WEDNESDAY, DECEMBER 12, 1894.

THE defendant was charged with the crime of unlawfully selling intoxicating liquors. The court directed a verdict for defendant, and the state appeals.— *Affirmed*.

*J. C. Raymond* for the state.

No appearance for appellee.

KINNE, J.—I.   Information was filed before a justice of the peace in Kossuth county, Iowa, charging the defendant with the crime of selling intoxicating liquors without a permit, and in violation of law.   It was in ten counts, and alleged sales to as many different individuals.   Defendant pleaded not guilty.   On a trial had, defendant was convicted upon eight of the counts, and acquitted upon two of the counts.   The justice rendered judgment imposing a fine of four hundred dollars and costs, and ordering that the defendant be confined in the county jail until the fine and costs were paid.   The penalty of the appeal bond was fixed at six hundred dollars.   No bond was given, and

defendant escaped from the custody of the constable having him in charge, and fled to the state of Minnesota. The appeal came on for hearing at the March, 1894, term of the district court, and plaintiff filed a motion to dismiss the appeal because of the escape of the defendant. The motion was overruled. Thereafter the cause was continued to enable the defendant to take the depositions of parties in the state of Minnesota. At the May term, 1894, defendant appeared by his attorney, and demanded a trial. The county attorney filed a motion to set aside the submission of the former motion and the order made thereon, and to affirm the judgment below, because—*first*, the motion was submitted without argument and without the citation of authorities; *second*, defendant is a fugitive from justice, having escaped from the custody of the constable; *third*, he has fled from the state, and refused to give bonds or submit to the jurisdiction of the court; *fourth*, he is in contempt of court; *fifth*, that in asking a retrial, well knowing that any judgment against him would be abortive, he adds insult to his original contempt; *sixth*, this court has no other means of protection against said contempt except to affirm the judgment below. The motion was overruled, and plaintiff excepted. For substantially the same reasons, plaintiff moved to suppress depositions taken by the defendant, which motion was also overruled, and an exception taken. On the trial it was shown that defendant had, as agent of one Stauch, a wholesale liquor dealer residing and having his place of business in Albert Lea, Minnesota, taken orders for liquors from various parties residing in Kossuth county, Iowa, which orders he would transmit to his principal at Albert Lea, who would accept or reject them at his pleasure, and, if accepted, he would ship the goods, and the consignees would receive them and pay the charges thereon; that in many, if not all, cases, defendant

would, as agent for Stauch, collect pay for the liquors after they had been received by the consignees. Defendant had no place of business in the county of of Kossuth, and had no interest whatever in the business nor in its profits, nor was he at all concerned in the ownership of the liquors for which the orders were taken. The district court, at the conclusion of the evidence, directed a verdict for the defendant, to which plaintiff excepted. We should also say that defendant appeared at the trial, and was a witness in his own behalf.

II. It is contended that as defendant, after the trial before the justice, and after the fine had been imposed, escaped from the custody of the officers and fled to another state, his appeal should be dismissed. As it appears that the defendant was in fact a witness upon the trial, we may well presume, in the absence of a showing to the contrary, that he was present when his counsel demanded a trial for him, and when plaintiff filed the last motion mentioned. It is to be remembered, also, that in cases of misdemeanors the presence of the defendant at the trial is not necessary. Most, if not all, of the cases cited by appellant, were cases where the defendant had been tried below for a felony and had taken an appeal, and escaped from custody before his case was passed upon by the appellate court, the court of last resort. It has been held in such cases, by some courts, that the appeal should be dismissed. *State v. Craighead,* 11 So. Rep. (La.) 629; *Graham v. State,* 20 S. W. Rep. (Tex. Cr. App.) 367; *Territory v. Trinkhouse,* 13 Pac. Rep. (N. M.) 341. In other jurisdictions it is held that even in such cases it is a matter of discretion in the court as to whether the appeal should be dismissed. *State v. Anderson,* 16 S. E. Rep. (N. C.) 316. See, also, *Bonahan v. State,* 8 Sup. Ct. Rep. 1390. With

the defendant in court demanding trial, there was certainly no error in the action of the district court in refusing to open up its former ruling, and in not dismissing the case, even if we should hold it to be a matter within the sound discretion of the court. The defendant was then within the jurisdiction of the court, and subject to its orders and judgment, and we think in such a case that it was the duty of the court to do as it did,—proceed with the trial. As it appears that the defendant was in fact present in court, we are not called upon to determine more than that it was the duty of the court, under such circumstances, to overrule the motion to dismiss, and proceed with the trial. There was no error in this respect.

III. It follows from what has been said, and for the same reasons, that the court properly overruled the motion to suppress defendant's depositions because of his escape.

IV. The real question in this case is as to whether the defendant sold any intoxicating liquors in Kossuth county, Iowa. We have already stated the substance of the evidence with relation to the acts of defendant in taking orders for liquors, and need not repeat it. Some of the orders he took were not filled, and in all cases it clearly appears that the acceptance of the orders was a matter reserved for the wholesale dealer to decide. From all of the facts it is clear that the sales were made in Minnesota, not in Iowa. It is said in *Tegeler v. Shipman*, 33 Iowa, 199: "Hence, if the agent only 'took the orders for the liquors sued for in this state,' but did not contract the sale of them here, it was not a contract made in this state. To take an order for liquors is one thing, and to agree to accept the order and to fill it is quite another. The former is a proposition, while the latter is the consummation of a contract." See, also, *Engs v. Priest*, 65 Iowa, 232, 21 N. W. Rep. 580, and *Gross*

*v. Scarr*, 71 Iowa, 656, 33 N. W. Rep. 223.   The case of *State v. Kriechbaum*, 81 Iowa, 635, 47 N. W. Rep. 872, and upon which, and others like it, appellant relies, is not in any way in.conflict with the other cases cited or with our holding in this case.   In that case, while the sale was not consummated in Decatur county, it was held that the wholesale dealer accepted the order in Burlington in this state; hence the entire contract was consummated in Iowa.   In this case there could be no completed sale in this state, as the party selling, and who resided in another state, had reposed no authority in his agent to make a sale, but only to take orders which were to be transmitted to the wholesaler in Minnesota for acceptance or rejection.   Until accepted, there was no contract; at most, only a proposition or offer which was without vitality as a contract.   Defendant, having no interest whatever in the liquors, and being under no liability with reference thereto, and simply having taken an order for the goods, without assuming to sell the same, can not be held liable for a sale of the same in this state; and the court property held that the sales took place in Minnesota, and rightfully directed a verdict for the defendant.   AFFIRMED.