## R. S. Merriweather v. The State.

### No. 3218.          Decided March 22, 1905.

**Local Option—Place of Sale—Soliciting Sale.**

Where an order for whisky was given by a person in H. to an agent of a dealer who had a license to sell liquor in W., and received by the agent subject to his principal's approval, and the liquor was put up by the seller directed to the purchaser at H. and delivered to a carrier at W., the sale is regarded as made at W. and is not unlawful.

Appeal from the County Court of Hill. Tried below before Hon. L. C. Hill.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The following is the order for the whisky:

"August 17th, 1904.

   The New Bank Saloon,

       · E. P. Gates, proprietor,

Waco,            Texas.

Ship to Dan Allison,

   Town Hillsboro, State of Texas,

     When Ship, tomorrow,

        via,

Salesman, R. S. Merriweather,

All orders subject to approval of consignors.

It is agreed that in case the goods as set forth below are not taken or accepted, that said purchaser will in such event pay the express charges both ways on said goods.

It is also agreed that the consignor is not to be held liable for any delay or loss in transit.

Quality, kind of goods, price.

 1 Gal. ................................................................$3.50

    Accepted.

     Dan Allison, Consignee."

This order was sent to E. P. Gates at Waco, and the whisky was shipped to the witness Allison "C. O. D." When it arrived at the express office at Hillsboro said witness Allison paid said charges and receipted the express company, for said package.

As contended by the State: "It was admitted in open court upon the trial hereof that the Prohibition Law was in full force and effect in Hill County at the date of the alleged offense. The undisputed facts showed that appellant and the purchaser lived in the City of Hillsboro and had been acquainted with each other for a number of years—that on or about the 18th day of August, 1904, in Hill County, the appellant approached the witness and personally solicited him to give him an order for some whisky to be sent from the liquor house of E. P. Gates at Waco to the witness at Hillsboro, for which liquor house appellant was then acting as agent in Hillsboro, Texas—that witness consented to give the order—the appellant handed witness a printed order to sign—he signed it and handed it back to the appellant—witness did not mail the order, and furnished no postage to send it, and the whisky so ordered was to be shipped to him at Hillsboro the next day, and it came accordingly, and witness called at the express office, signed for the same, paid it out, and drank it—and that it came C. O. D.

The evidence showed that on other occasions appellant solicited and took a number of similar orders from witness, the quantity ordered in this case was one gallon, the price being $3.50.

Various witnesses testified to similar transactions with appellant.

*A. G. Walker* and *B. F. Scruggs,* for appellant.—Goods shipped "C. O. D." become the property of the consignee as soon as they are de-

livered by the consignor to the common carrier, and in this case when E. P. Gates delivered the package to the express company at Waco, the sale was complete and the title passed to the consignee Allison, subject only to the commercial law of stopage in transitu. Meacham on sales, section 736. Treadway v. State, 42 Texas Crim. Rep., 466; Freshman v. State, 37 Texas Crim. Rep., 126; Bruce v. State, 36 Texas Crim. Rep., 52; Weathered v. State, 60 S. W. Rep., 876.

*Howard Martin,* Assistant Attorney-General, and *Greenwood & Traylor,* for the State.—Northcut v. State, 35 Texas Crim. Rep., 585; Davidson v. State, 7 Texas Crim. Rep., 334; Bogel v. State, 55 S. W. Rep., 830.

DAVIDSON, Presiding Judge.—Conviction for violating the local option law. This is a C. O. D. shipment of whisky from Waco to Hillsboro. The order is the same as that in Novich v. State, just decided. This constituted a sale in Waco, and not at the point of destination. Black on Internal Liquor Law, section 434, subject 2, lays down this proposition: "A licensed dealer who receives at his place of business an order for liquor from a place in which he has no license, and fills it by selecting liquor from his stock and delivering it to an express company or other carrier, to be carried to the purchaser, does not violate the license law, although the carrier agrees to collect and return the price; for the sale is made at the place where the goods are separated from the general stock and delivered to the carrier, such delivery being delivery to the consignee." He cites in support of this, Fleming v. Com., 130 Pa. St., 138; Dunn v. State, 82 Ga., 27; Brechwald v. People, 21 Ills. App., 213; Pilgreen v. State, 71 Ala., 368; State v. Carl, 43 Ark., 353; Smith v. State, 16 S. W. Rep., 2; State v. Hughes, 22 W. Va., 743. He lays down the further proposition in subject 4 of the same section: "If the order for liquor is given by a person in A to an agent or a dealer who has a license to sell liquor in B, and received by the agent subject to his principal's approval, and the liquor is put up by the seller, directed to the buyer at A, and delivered to a carrier at B, the sale is regarded as made at B, and is not unlawful." Citing Frank v. Hoey, 128 Mass., 263; Gross v. Scarr, 71 Iowa, 656. Such has been the holding in this State in an unbroken line of decisions, and such is the holding of the supreme court of the United States. Sedgewick v. State, decided at the present term. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.