G. W. TAYLOR v. THE STATE.

No. 6304.    Decided May 19, 1921.

Rehearing denied June 22, 1921.

**1.—Swindling—Other Prosecutions—Practice in Trial Court—Suspended Sentence.**

Where, upon trial of swindling, preliminary to the trial defendant by motion sought to have another case which was pending against him in the same court disposed of before going to trial in the instant case, claiming that the other case was founded upon fictitious allegations and was for preventing a verdict recommending a suspended sentence in the instant case, held: that the motion was properly overruled, none of said facts having been established by proof; and besides, said other case would have been no impediment to the suspended sentence law.

**2.—Same—Variance—Sum of Money Alleged in Indictment.**

Where, upon trial of swindling, it was charged in the indictment that the sum of money obtained by false representation, etc., was the sum of $1374.20, and the proof fixed the amount obtained at $850, this was not a material variance. Following Pones v. State, 43 Texas Crim. Rep., 201, and other cases. It is not essential that the proof establish that the quantity of money obtained was that named in the indictment.

3.—Same—Evidence—Circumstantial Evidence—Other Testimony.

Where, upon trial of swindling, the facts disclosed that the defendant represented to the railway agent in Louisiana that he possessed and desired to ship to a point in Texas a carload of pipe which was situated at a switch near said station, and the car having been placed for him he reported to said agent that it was loaded, and obtained from him a bill of lading showing the shipment, there was no error in admitting testimony that the car which the defendant represented to said agent that he loaded with pipe was in fact not loaded at all, and circumstances were available to the State to prove this issue; besides, the same facts were proved by another witness.

4.—Same—Circumstantial Evidence.

Upon trial of swindling, by means of acquiring a bill of lading for a certain car in the railway service claimed to have been loaded with pipe, there was no error in admitting testimony of the conductor describing the conditions surrounding said car and indicating that it had not been loaded.

5.—Same—Rehearing—Fraudulent Representations—Bill of Lading—Telegram.

Upon trial of swindling based upon the false representations of having loaded a certain railway car with merchandise and receiving a bill of lading therefor from the railway agent, upon which bill of lading the defendant received a certain sum of money from a Texas Bank, there was no error in permitting the State to show that the representations made by the defendant to the bank based on said bill of lading and upon a forged telegram were of such false and fraudulent character as to make them admissible and support the allegations in the indictment.

6.—Same—Jurisdiction—Other Jurisdiction—Different States.

While a prosecution for this offense of swindling may have been had in another State, this would not prevent the courts of this State from having jurisdiction in the instant case.

7.—Same—Recovery of Money—Detection of Crime—Fraudulent Intent.

The fact that the national bank from which the money was obtained by false representations recovered from defendant and his kindred the money paid by it to him, and was not in fact deprived of its property is not a defense, as this restitution of property took place after defendant's detection in the crime.

8.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of swindling, there was direct testimony as to the falsity and fraudulent character of defendant's representations in receiving the alleged sum of money, there was no error in the court's failure to charge on circumstantial evidence.

9.—Same—Bills of Lading—False—Representation.

The contention of appellant that the two bills of lading involved were in fact issued by the agents of the respective railway company and were therefore genuine instruments, and that the State was estopped from setting up the false and fraudulent character of representations with reference to same, is untenable,

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. B. Guinn.

Appeal from a conviction of swindling; penalty, four years' imprisonment in the penitentiary.

The opinion states the case.

*S. M. Adams,* for appellant.—On question of charge of court and circumstantial evidence: Bloch v. State, 193 S. W. Rep., 305.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for swindling; punishment fixed at confinement in the penitentiary for four years.

The facts from the State's point of view disclose that the appellant represented to the railway station agent at Logansport, Louisiana, that he possessed and desired to ship to Nacogdoches, Texas a carload of pipe which was situated at a switch near Logansport. A car having been placed for him, he reported to the agent that it was loaded and obtained from him a bill of lading showing the shipment. This bill of lading he later exchanged at Nacogdoches, Texas, for another, showing reshipment of the car to his own order at another point. He attached this new bill of lading to a draft for the sum of $1374.20 which he deposited with the bank at Nacogdoches for collection. The bank sent the draft to its correspondent at Beaumont where the drawees resided. The appellant afterwards exhibited to the bank at Nacogdoches a forged telegram purporting to be from the bank at Beaumont, advising that the draft, less $200 reserved for freight, had been paid. The bank at Nacodoches then advanced him against the draft $850 in money, advancements having been made in various sums and of different dates.

Preliminary to the trial, appellant, by motion, sought to have another case, which was pending against him in the same court, disposed of before going to trial in this one. In his motion he claimed that the other case was founded upon fictitious allegations; that the indictment found and held against him was for the purpose of preventing a verdict recommending a suspended sentence in this case. The motion was overruled, and so far as disclosed by the record, none of the alleged facts were established by proof. The motion setting up facts, while sworn to, was simply a pleading as basis for proof, and in support of the ruling of the trial court, the presumption must be indulged that the allegations were not proved. It may be added, however, that the pendency of the indictment in the other case would have been no impediment to appellant's availing himself of the suspended sentence law. It does not appear that he sought the suspension of his sentence. Any supposed wrong done him in maintaining the other case upon the docket would have been harmless unless used against him.

It is charged that the sum of money named in the indictment was $1374.20. The proof fixed the amount obtained at $850. This was not a material variance. Pones v. State, 43 Texas Crim. Rep., 201; Green v. State, 86 S. W. Rep., 332; Jones v. State, 44 S. W. Rep., 162; Harris v. State, 34 Texas Crim. Rep., 497; Cyc. of Law & Procedure, Vol. 25, page 102; Grissom v. State, 40 Texas Crim. Rep., 146; Davis v. State, 32 Texas Crim. Rep., 377. It was not essential that

the proof establish that the quantity of money received was that named in the indictment. That the amount taken being over $50 classified the offense as a felony.

It was, in our judgment, competent to prove that the car which the appellant represented to the agent that he loaded with pipe was, in fact, not loaded at all and circumstances were available to the State upon this issue. The testimony of the conductor, who was ordered to pick up the car, that he failed to do so because it was empty, was relevant. The appellant had obtained a bill of lading for a car of a certain number loaded with pipe. The bill of lading was issued upon his statement without inspection by the agent of the company. The substitute for his bill of lading, issued at Nacogdoches, describing the same car, was the basis of the alleged fraud. The burden was upon the State to show the fraudulent intent, and upon this point the testimony of the conductor that the car was empty and for that reason he refused to put it in his train was obviously admissible. That in connection therewith he stated that he had orders from the agent at Logansport to pick up the car would not work a reversal. If the declaration was not a part of the *res gestae,* it could not have been harmful for the reason that the same fact was proved, without objection, by the witness Price. The testimony of the conductor, describing the conditions surrounding the car indicating that it had not been loaded, were circumstances admissible upon the same principle that his direct statement that it contained no load became relevant.

Finding no error justifying a reversal, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 22, 1921.

LATTIMORE, JUDGE.—Appellant has presented an exhaustive motion for rehearing urging various grounds of error in our original opinion, which were fully considered and passed upon therein.

It would be difficult to arrive at any other conclusion based on the facts in evidence, than that of the guilt of the accused. It appeared without contradiction that he asked the station agent at Logansport, La., that an empty car or cars be placed at Funston Switch a few miles out from Logansport in order that he might have them loaded with six-inch pipe; that shortly thereafter he presented himself to said agent, told him he had loaded a car, and obtained from said agent a bill of lading showing the delivery to the railroad company of 105 joints of six inch pipe which the railroad company agreed to transport to Nacogdoches, Texas, same being consigned to appellant himself at said destination. It was abundantly proven that neither appellant nor anyone for him placed any pipe in said car, and that his representations of such fact were false and his right to such bill of lading, spurious. We think it

would necessarily follow that each and every step thereafter taken by appellant, based on the validity of said bill of lading, would also be without legal support and would be fraudulent insofar as same were based upon the actual delivery to the railroad company of said pipe and its shipment by said company to appellant at Nacogdoches, or to any other person to whom he might direct its pretended consignment. It follows that we are of opinion that when appellant presented himself to the agent of said railway company at Nacogdoches with said bill of lading so fraudulently obtained by him from the agent at Logansport, and on the belief of the agent at Nacogdoches that said bill of lading was genuine and had foundation in fact, obtained from the agent at Nacogdoches another bill of lading supposed to represent the contract for shipment of said pipe from Nacogdoches and from appellant as a consignor to the Brooks Supply Company at Beaumont as the consignee, that this was but a substitution of one fraudulent bill of lading for another. We are also of opinion that the evidence abundantly shows that the representations made by appellant to the Stone Fort National Bank at Nacogdoches, based on said fraudulent bill of lading and based upon a forged telegram, were of such false and fraudulent character as to make them a sufficient compliance with a demand of the law that the injured party must have been induced to part with his property by false and fraudulent representations made by the accused. While a prosecution may have been had in Louisiana under some provisions of the statutes of that State, growing out of the obtaining by appellant of said first bill of lading by false and fraudulent representations to the agent at Logansport, still we do not think this would prevent the courts of this State from having jurisdiction of a prosecution of appellant when said false and fraudulent bill of lading or another obtained as a substitute therefor is shown to have been used in some of the jurisdictions of this State as a means directly or indirectly of obtaining the money and property of persons within this State. We are wholly unable to find anything in this record that would justify this court in concluding for an instant that the accused was the victim of untoward circumstances or any character of combination to unfairly deprive him of his good name or liberty.

Nor are we able to agree with appellant's counsel in the contention that because the Stone Fort National Bank recovered from appellant and his kindred, the money paid by it to him, relying upon the fraudulent representations made by him, that, therefore, they were not deprived of their property and no offense was committed. The same plea would exculpate and free from punishmnt every thief who was pursued and found in possession of the stolen property if same was recovered, or if the injured owner was repaid, after detection by the thief or some one for him.

We are not in accord with the contention that this is a case of circumstantial evidence. The testimony of the witnesses to the fact that appellant made representations in order to obtain the first bill of lad-

ing from the railway company's agent at Logansport, and of the facts which showed the falsity and fraudulent character of such representations, was positive and direct; also the testimony that appellant made certain representations to the Stone Fort National Bank both as to the bill of lading presented to them by him and attached to his draft on the Brooks Supply Company, and also as to the telegram received by him from the First National Bank of Beaumont certifying that the draft in question had been paid. There was no occasion to resort to circumstantial evidence when these matters mentioned were testified to directly by the witnesses, and were the facts which showed the character of his representations, their falsity and the obtaining by him of the money of the said Stone Fort National Bank.

Appellant's urgent insistence that because two bills of lading were in fact issued by agents of the railroad company and were, therefore, to that extent genuine instruments, that the State was in a measure estopped from setting up the false and fraudulent character of said documents, is not sound. The railroad company was only bound to transport for appellant the property in fact delivered by him to them, and bills of lading carelessly issued by agents upon representations whose falsity is not questioned by appellant herein, would not bind said railroad company, and we are unable to see how appellant could claim that transactions based in part on such bills of lading could be upheld as having support upon genuine, valid and enforcible documents.

We have considered each of the matters presented by the distinguished counsel for the appellant, but regret our inability to agree to the soundness thereof. The motion for rehearing will be overruled.

*Overruled.*