## TEGLER & CO. v. SHIPMAN.

1. Amendment: DISCRETION. The action of the trial court in allowing an amendment to the defendant's answer, which does not substantially change the defense, after the evidence has closed, and during the closing argument of plaintiff's counsel, will not be disturbed.

2. —— VERIFICATION. The court below may, under section 2981 of the Revision, permit an amendment without verification to previous pleadings which have been verified.

3. Intoxicating liquors: CONTRACTS FOR. If an agent of a person engaged in the sale of liquors in another State, merely takes an order of a person residing in this State for a quantity of liquor to be forwarded to him, which order is made upon and subject to the approval

Tegler & Co. v. Shipman.

or disapproval of his principal, the sale will be regarded as made in the State where the principal resides, and the case will not fall within section 1571 of the Revision.

4. —— ALITER. If the agent had power to contract the sale, or if the sale was made with intent on the part of the seller to enable the buyer to violate any of the provisions of the act for the suppression of intemperance.

5. —— While it is not held that mere knowledge on the part of the seller in such case, that the purchase is with intent to violate said act, is sufficient to defeat the contract, it is, nevertheless, a fact from which, with other circumstances, the jury may infer such intent.

## Appeal from Greene Circuit Court.

### WEDNESDAY, FEBRUARY 21.

ACTION upon two promissory notes for $156.90 each, and payable, one in thirty, and one in forty days, with ten per cent interest; made by the defendant to the plaintiffs, and dated Jefferson (Greene Co.), March 23, 1870. The defendant for answer averred that the notes were made and delivered at Jefferson, Iowa, and the only consideration therefor was intoxicating liquors sold by plaintiffs to defendant, in Iowa, in violation of and with intent to enable defendant to violate the act for the suppression of intemperance. And the defendant also set up a counter-claim for $434.68 for money paid by defendant to plaintiffs for intoxicating liquors sold by plaintiffs to defendant in violation of law, and with the intent to enable defendant to violate the law for the suppression of intemperance, etc. The plaintiffs for replication denied that they sold to defendant any intoxicating liquors in Iowa, and aver that all sales were made in Illinois pursuant to the laws of that State, and without any intent on the part of plaintiffs to violate or evade any law of Iowa.

There was a trial to a jury, which resulted in a verdict and judgment for defendant for costs. The plaintiffs

appeal. The further facts are stated in the body of the opinion.

*Jackson & Potter* for the appellants.

*McDuffie & Hall* for the appellee.

Cole, J. — I. After the evidence was all taken and the counsel for plaintiff was making the closing argument, the
1. AMENDMENT: defendant was permitted to file an amendment
discretion.    to his answer, wherein he averred that the sale of liquors for which the notes sued on were given, was made in Rock Island, Illinois, and were sold with the intent on the part of plaintiffs to enable defendant to violate the act for the suppression of intemperance, and permitted defendant to withdraw his counter-claim. The plaintiffs objected to the filing of said amendment, because it was too late, because it set up a different defense from the answer, worked surprise, and was not verified. The overruling of these objections is the first error assigned.

The right to amend any pleading or proceeding is very liberally provided for under our Code (see Rev., § 2977). But it is left largely to the discretion of the court, to be exercised in furtherance of justice. As applied to the above objections in their order, the section provides that the court " may allow a pleading to be filed after the time limited ; " the court might, therefore, in its discretion, hold that the amendment was not too late. The section also provides that an amendment may be made so as to conform the pleading to the facts proved when it does not change substantially the claim or defense. The only difference between the amendment and the answer is, that the former avers the sale to have been in Illinois, and the latter, in Iowa; but both alike aver that the sale was made by plaintiffs with the intent to enable defendant to violate the act for the suppression of intemperance. The defense

was grounded upon the fact that the notes were given for intoxicating liquors sold by plaintiffs to defendant in violation of the act. This was the substance of the defense. The time, place and manner of sale were the incidents. There was no abuse of discretion in allowing the amendments, since it did not change substantially the defense. If the amendment worked surprise, this should have been shown *aliunde*, for it is not manifest upon the pleading itself. When shown, it might entitle the plaintiffs to a continuance of the cause at the costs of the defendant, if asked for. (Rev., § 2979). But this was not done.

As to the objection that the amendment was not verified, as the previous pleadings had been, it is sufficient to say 2. —— verifica- that the Code provides that the court may tion. permit the amendment without being verified. Rev., § 2981 ; see, also, section 2916. There was, therefore, no error in allowing the amendment.

II. The defense was grounded upon Revision, section 1571. \* \* " All sales, transfers, conveyances, mortgages, 3. INTOXICA- liens, attachments, pledges and securities of TING LIQUORS: contracts for. every kind, which, either in whole or in part, shall have been made for or on account of intoxicating liquors sold in violation of this act, shall be utterly null and void against all persons in all cases, and no rights of any kind shall be maintained in any court in this State for intoxicating liquors, or the value thereof, sold in any other State or country, contrary to the law of said State or country, or with intent to enable any person to violate any provision of this act." \* \* \*

The testimony in the case tended to show that the plaintiffs were wholesale liquor dealers in Rock Island, Illinois; and employed an agent to travel for them, and gave to him general authority to procure orders for liquors on their house; and that most or all the liquors purchased by defendant of the plaintiffs were ordered at Jefferson, Iowa, through this agent, and shipped on board of the cars at Rock

Island, Illinois, to the defendant at Jefferson, Iowa, he paying freight and charges, and taking the risk of leakage, etc. There was conflict in the evidence as to whether plaintiffs knew that defendant intended to sell the liquors in violation of law. The evidence does not disclose with any definiteness whether the agent had authority to make a sale of the liquors or only to take an order for them, to be filled or not at the option of his principals; nor does it appear directly which course was pursued in this case.

On motion of the defendant's counsel the court instructed the jury as follows: "If the jury find from the evidence that the plaintiffs, or their agent, took the order or orders for the liquors sued for in this case, in this State, then the contract was made in this State." And the court refused to give the following instruction, asked by plaintiffs: "The jury are instructed that if they believe from the evidence that the order or orders, some or all of them, on the plaintiffs were procured by their agent for procuring orders in the State of Iowa, and that said orders were given by the defendant on the plaintiffs, who were doing business at Rock Island, in Illinois, subject to their approval or disapproval, then no sale would take place until the orders were accepted or approved by them in Rock Island, and the place of contract would not be by such order determined to be in Iowa; that the mere giving of an order does not fix the place of contract." The giving of the first above, and the refusal to give the latter were duly excepted to, and are now assigned as error.

We are of the opinion that the court did err, both in giving the one, and in refusing the other. It is well settled that to constitute a contract requires both the making and the accepting of a proposition; that is, there must be a concurrence of two minds upon the same thing. Where an order or offer is made by letter, it does not constitute a contract until it is accepted. When it is accepted and the letter containing the acceptance is placed in the mail, the

contract as specified in the order or offer is complete, and it is very plain, upon principle, that the contract is made where it is accepted, and not where the offer was made; for it is there that the two minds meet upon the same thing and the contract is consummated. This has been so adjudicated. *McIntyre* v. *Parks*, 3 Mich. 207; *Whiston* v. *Stodder*, 8 Mart. (La.) 132; see, also, 2 Pars. on Cont. 586. Hence, if the agent only "took the orders for the liquors sued for in this State," but did not contract the sale of them here, it was not a contract made in this State. To take an order for liquors is one thing; and to agree to accept the order, and to fill it, is quite another; the former is a proposition, while the latter is the consummation of a contract. So much as to the instruction given.

The instruction refused states exactly the legal proposition we have undertaken to illustrate. That is to say, if the order for liquors made in Iowa was subject to the approval or disapproval of the plaintiffs, they did not become bound by the order as a contract until they approved or accepted it; and if they made the approval or acceptance at Rock Island, then, upon the principles before stated, it was a Rock Island contract. In the language of the instruction itself, "the mere giving of an order does not fix the place of contract."

It is proper to remark that the court gave the counterpart of the refused instruction above set forth. The instruction given was: "If the jury find that an agent of plaintiffs came here and offered to sell intoxicating liquors to the defendant, and the defendant agreed to take them and the price was agreed upon, and the terms of freight, and that defendant had no license to deal in such liquors from the proper court of the State, the jury will find for the defendant." This, having been given, rendered the giving of the above necessary in order to present to the jury the law as applicable to the alternatives of fact properly deducible from the evidence.

From what has already been said, it is evident that the third instruction asked by plaintiffs should also have been given.   The plaintiffs also asked an instruction, being the second of their series, to the effect that the mere knowledge that a party to whom intoxicating liquors were sold intended to resell the same in the State of Iowa contrary to law is not enough to avoid or vitiate the contract; but there must also be proof that they sold them with the intent to enable the defendant to violate the act, etc.   This was refused,.and we think rightly so.   We do not hold, however, that the mere knowledge would necessarily vitiate· or avoid the contract; but it is a fact from which the jury might infer the intent — especially where the other circumstances attending the manner of acquiring that knowledge was taken into consideration.   The other instructions were rightly given.   The question as to the effect of a sale with intent to enable another to violate a law of this State is to be determined under our statute and not upon the rules of State comity.

The pivotal question in the case is as to where the contract was made.   If the agent sold the liquors to the defendant in Jefferson, and forwarded to his principals a statement of such sale for them to fill by forwarding the liquors specified, then it was an Iowa contract, and if the plaintiffs had no license to sell such liquors here, then they cannot recover.   If the agent simply took an order from defendant upon his principals in Rock Island, which they might fill or refuse at their option, it was a Rock Island contract, and the plaintiffs can recover unless it is shown that they sold the liquors with intent to enable the defendant to violate the provisions of the act for the suppression of intemperance.

Reversed.