## ·Engs & Sons v. Priest.

1. **Practice in Supreme Court:** NEW TRIAL: VERDICT AGAINST EVIDENCE: PRESUMPTION IN FAVOR OF TRIAL COURT. Where there has been a verdict for the plaintiff, and the court has granted a new trial on the ground that the verdict is not supported by the evidence, the order will not be disturbed on appeal, if there was evidence tending in any degree to establish any of the defenses pleaded. And where, in such case, there were two defenses, and there was no evidence to sustain the first, but some evidence to sustain the second. it must be presumed that the court's order was based on the evidence relating to the second defense.

2. **Sale:** PLACE OF CONTRACT: INTOXICATING LIQUORS: CODE, § 1550. Where orders for liquors were sent by defendant from Vermont to plaintiffs in New York by mail, and where other orders were taken by plaintiff's agent in Vermont, but sent by him to plaintiffs in New York, to be accepted or rejected by them at pleasure, and the liquors were consigned to defendant by rail, he paying the carrier's charges thereon, *held* that the contracts were consummated in New York, and were not in violation of the laws of Vermont in regard to the sale of such goods, and that recovery may be had thereon in this state, notwithstanding § 1550 of the Code. *Tegler v. Shipman*, 33 Iowa, 194, followed.

*Appeal from Page Circuit Court.*

FRIDAY, DECEMBER 5.

THIS is an appeal by plaintiffs from the order of the circuit court, setting aside a verdict in their favor, and granting a new trial.

*W. P. Ferguson*, for appellants.

*Stockton & Keenan*, for appellee.

REED, J.—This action was brought for the recovery of a balance alleged to be due on an account for certain intoxicating liquors sold by plaintiffs to defendant. Defendant pleaded in defense: (1) That said intoxicating liquors were sold in the state of Vermont, and in violation of the statutes

of that state; and (2) that the account was paid in full. The ground on which the verdict was set aside was that it was "contrary to and not sustained by the evidence." Under the settled and well-understood practice of this court, this order will not be disturbed, if there was any evidence tending, in any degree, to establish either of the defenses pleaded in defendant's answer. The first defense pleaded is based on section 1550 of the Code, which provides that "no action of any kind shall be maintained in any court of this state for intoxicating liquors, or the value thereof, sold in any other state or country, contrary to the law of said state or country." It was conceded on the trial that, if the sales in question were made in the state of Vermont, they were in violation of the statutes of that state. The evidence shows, without any conflict, that plaintiffs were wholesale dealers doing business in New York city, and that they shipped the liquors in question from there to defendant in the state of Vermont on orders, some of which were sent by defendant directly to the house by mail, and others of which were taken in Vermont by a traveling salesman in plaintiff's employ, who transmitted them to New York by mail. The liquors were shipped by rail, consigned to defendant, and he paid the carrier's charges thereon. So far as those liquors are concerned which were shipped on the orders sent directly by defendant, there can be no question but that the sales were consummated in New York. The delivery of the goods to the carrier in New York, to be transported to defendant, operated to transfer the title to him. The carrier was his agent, and received the goods for him. The salesman who received the other orders testified that all orders taken by him were transmitted by him to the house, to be passed upon by plaintiffs, and that the right to accept or reject any order after it was sent to them was expressly reserved by plaintiffs. Other employes of plaintiffs, and members of their firm, testified to the same fact. This evidence was in no manner contradicted. So far as the liquors sent on those orders were concerned, then, it is equally certain

that the sales were made in New York. The case on this question is clearly within the rule of *Tegler v. Shipman*, 33 Iowa, 194. If the order setting aside the verdict was based on this ground alone, it is erroneous, and should be reversed. We cannot determine, however, that it was put upon this ground alone, and we cannot say that there is no evidence tending to establish the other defense. Defendant claimed in his testimony that he had paid for all of the goods sent him by plaintiffs. True, he was not able to state the times the different payments were made, or the amounts paid on the different occasions; but it is not for us to say that he is unworthy of credit. As the judge who heard the evidence thought the verdict was not sustained on this ground, as we must presume, we will not interfere with the order. It is, therefore,

AFFIRMED.