SCHMIDT, Respondent, vs. THOMAS, Appellant.

*January 7 — January 28, 1890.*

*Sale of chattels: Statute of frauds: Delivery on Sunday: Acceptance.*

Defendant orally agreed to purchase from plaintiff an organ, book, and stool for $65. There was nothing paid and no delivery at the time. The organ was delivered on Sunday, and afterwards de-

fendant told plaintiff that he liked it first-rate, and asked about the book and stool, which were thereafter delivered. *Held*, that though the contract was void under the statute of frauds (R. S. sec. 2308), and the delivery on Sunday was also void, there was a subsequent acceptance of the organ, which validated the contract.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Frisby, Gilson & Elliott*, attorneys, and *F. L. Gilson*, of counsel, and oral argument by *F. L. Gilson*. They contended, *inter alia*, that the contract if completed at all was completed by the delivery; but that took place on Sunday, and was, therefore, void. *Smith v. Foster*, 41 N. H. 215; *Moseley v. Hatch*, 108 Mass. 517; *Fitzgerald v. Robinson*, 112 id. 371. The delivery was void and incapable of ratification. *Vinz v. Beatty*, 61 Wis. 645, and cases cited. An illegal contract is incapable of becoming the consideration of a subsequent promise. *Boutelle v. Melendy*, 19 N. H. 196; *Simpson v. Nicholls*, 3 Mees. & W. 240–244; *S. C.* 5 id. 702, note; *Tuckerman v. Hinkley*, 9 Allen, 454; *Kountz v. Dickson*, 40 Miss. 341; *Clapp v. Hale*, 112 Mass. 368; *Plaisted v. Palmer*, 63 Me. 576; *Pope v. Linn*, 50 id. 83; *Bates v. Chesebro*, 36 Wis. 636. There was not a sufficient acceptance to take the contract out of the statute of frauds. *Caulkins v. Hellman*, 47 N. Y. 449; *Remick v. Sandford*, 120 Mass. 309; *Stone v. Browning*, 68 N. Y. 598–604; *Denny v. Williams*, 5 Allen, 1; Browne, Stat. Frauds, sec. 321.

For the respondent there was a brief by *Carney & Ryan*, and oral argument by *T. E. Ryan*.

ORTON, J. The defendant orally agreed to purchase from the plaintiff an organ, book, and stool, to be sent for by the plaintiff, for $65. The plaintiff sent for the organ, book, and stool, and his agent, one Mr. Norton, delivered

the organ at the house where the defendant lived with his father and mother, on the next Sunday. Afterwards, Mr. Norton called on the defendant, and he said that he liked the organ first-rate, and asked about the book and stool. The book and stool were afterwards also delivered. After that, however, the defendant told the plaintiff that he would not keep the organ, and that he should take it away. This action was first tried before a justice, and the plaintiff recovered of the defendant $66, and, on appeal to the circuit court, the jury returned a verdict of the same amount.

The learned counsel of the appellant correctly contends that the original contract is void, it being for the sale of goods of over $50, and no payment or delivery, and it not being in writing, and that the delivery of the organ on Sunday was also void. But we think the learned counsel contends incorrectly that there was no subsequent acceptance of the organ. He said to Norton, the agent of the plaintiff, that " he liked it first-rate," and asked about the book and stool. This is very strong evidence of acceptance. He had it, and liked it first-rate. It was an admission that the organ had been delivered to him, and that he was satisfied with it.

The evidence in the case of *Amson v. Dreher*, 35 Wis. 615, was that the defendant, at the place where it was stored, agreed to receive the wine and to pay for it in future, and agreed to pay the warehouse charges on it, and went and looked at the wine. This court, by Mr. Justice Lyon, held that this testimony tended to prove an acceptance of the wine by the defendant; and that, " if the defendant accepted the wine, neither the statute of frauds nor the alleged excess in filling the order is of any importance; " and further, that, " if the purchaser of goods, under an agreement otherwise void by the statute of frauds, accepts a delivery of the goods, or some part of them, either when the agreement is made or *afterwards,* such agreement

thereby becomes a valid and binding contract." In *Kerk-hof v. Atlas Paper Co.* 68 Wis. 674, the contract being void as in this case, the chief justice says: "Therefore the necessity of proving an acceptance of the wood so as to pass title and show a complete performance of the contract, is apparent."

Acceptance is the receipt of the thing with an intention to retain it indicated by some act or words sufficient for that purpose. The defendant expressed his satisfaction with having the organ, and in using or enjoying it, and his intention to retain it. "I like it first-rate." "Where are the book and stool?" Language could not more fully and perfectly express an acceptance. Afterwards the defendant became dissatisfied with his bargain, and said he would not keep it, and asked the plaintiff to take it away. But he was too late, after its acceptance. The void contract had become valid. The jury were warranted by this evidence in finding for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.