Hopkins and others vs. Stefan.

Hopkins and others, Respondents, vs. Stefan, Appellant.

77 45
52 LRA 691n

*May 1 — May 20, 1890.*

SALE OF CHATTELS. (*1*) *Statute of frauds: Original or collateral promise: Instructions to jury.* (*2*) *Contract made on Sunday: Renewed promise on secular day.* (*3*) *Bill of particulars.* (*4*) *Evidence: Account books.*

1. The question being as to whether the defendant was the real purchaser of goods shipped to a third person, a charge to the jury that, unless the defendant promised the plaintiffs, before the goods were delivered, unconditionally, that he would pay for them, and the plaintiffs parted with their goods on the faith of such promise, there could be no recovery, is *held* to have been sufficient upon that point.
2. Though the defendant's original promise to pay for the goods was made on Sunday, he is liable therefor if he renewed the promise on a secular day and the goods were afterwards delivered on a secular day upon the faith of such renewed promise.
3. It appearing by the bill of particulars furnished by the plaintiffs that certain goods charged therein had been paid for, there was no error in striking out such item, on the plaintiffs' motion.
4. The order-books and ledgers of the vendors were admissible in evidence in connection with the testimony of the clerks who made the entries therein and swore to their correctness; and, where the sale and delivery of the goods was abundantly established by other evidence, an error, if any, in the charge to the jury as to the effect of such books as evidence, was immaterial.

APPEAL from the Circuit Court for *Ashland* County.

Action to recover a balance of $544.56, alleged to be due upon an account for goods sold and delivered. A bill of particulars was served. The defendant denied having received certain of the goods, but admitted an indebtedness of $46.83, and tendered judgment for that amount. The trial resulted in a verdict in favor of the plaintiffs for $685.07, and from the judgment entered thereon the defendant appealed. Other facts will appear from the opinion.

For the appellant there was a brief by *Miles & Shea*, and oral argument by *W. F. Shea.* They contended, *inter*

*alia*, that the trial court erred in admitting the entries in the order books as evidence, and instructing the jury that they were account books under the statute, and presumptive evidence of the charges contained in them. The books were not such as are made *prima facie* evidence by secs. 4186, 4187, R. S. They were not account books, but a record of orders received. There was no intent to charge the defendant with the goods at the time of the entry of the orders, as appears by the evidence of the persons making the entries, and by the entries themselves. To entitle a book to be received in evidence under the statute it must be a register of business actually done, and not of orders, executory contracts, and things to be done subsequently to the entry. *Fairchild v. Dennison*, 4 Watts, 258; *Wilson v. Wilson*, 6 N. J. Law, 95; *Bradley v. Goodyear*, 1 Day, 104–106; *Terrill v. Beecher*, 9 Conn. 344, 348–9. The entries must have been made for the purpose of charging the defendant with the debt. *Cooper v. Morrel*, 4 Yeates, 341; *Wilson v. Goodin*, Wright, 219.

For the respondents there was a brief by *Tomkins, Merrill & Smith*, and oral argument by *W. M. Tomkins*. They argued, among other things, that the order-books were admissible in connection with the testimony of the clerks who made the original entries in them. They were not prepared to swear positively to a distinct recollection as to the items sold and shipped, but they did swear as to the correctness of the entries, and such entries were admissible as a part and explanatory of their testimony. Abbott's Tr. Ev. 322 (38). The proof was complete and undisputed as to the sale and shipment of these goods to B. Marble, Agent, without the introduction of the books under the statute, and if the plaintiffs failed to comply technically with the statute for the introduction of them as books of account, no harm was done; it was surplusage of proof.

COLE, C. J. This is an action brought to recover the balance due on an account for goods sold and delivered. There is no dispute as to a large portion of the account, nor in respect to the amount of payments which have been made upon the same. It appears that the plaintiffs are wholesale liquor dealers and druggists, doing business in Milwaukee. Previous to the dealings in question the defendant had been in the saloon business in Ashland, but had sold out his stock and had rented his saloon to one Marble, who for a time continued to carry on the business in his own name. It appears that a traveling salesman of the plaintiffs, by the name of Hadley, sold the goods in controversy either to the defendant or to Marble. Undeniably, the goods were shipped by the plaintiffs to Marble. Hadley testified, in substance, that about February 5, 1887, it being Sunday, he had an interview with the defendant, at Washburn, on the subject of furnishing Marble with goods for his saloon, and that it was then agreed between him and the defendant that the plaintiff should sell and ship liquors to Marble as agent, and charge them to the defendant, who would be responsible for them. The litigated point in the case was whether the goods were really sold to the defendant under this arrangement, upon his credit and promise to pay for them, or whether they were in fact sold to Marble upon the defendant's promise that he would be answerable for the contract price in the event Marble did not pay for them.

There was no promise in writing on the part of the defendant to answer for the default of Marble, as it was essential there should be to hold him upon the collateral promise. But it is insisted on the part of the plaintiffs that the promise of the defendant was an original undertaking, and that the goods were in fact sold to him upon his promise that he would pay for them. There is some conflict in the evidence as to the original agreement upon which the

goods were sold; but it is very clear that, under the charge of the court upon this question of fact, the jury must have found that, though the goods were shipped to Marble, yet they were sold on the credit of the defendant's promise that he would be responsible for them, and that he was the real purchaser. That being the case, the defendant's promise was an original one, supported by sufficient consideration, and is binding upon him. The court very fairly submitted this question to the jury, and we must assume that the defendant made an unconditional promise to pay for the goods before they were shipped to Marble. In fact and in law, then, he was the real purchaser of the goods and is liable for their payment; for the jury were, in effect, told that, unless they were satisfied from the evidence that the defendant promised the plaintiffs or their agents, before the goods were delivered, unconditionally, that he would pay for them, and that the plaintiffs parted with their goods on the faith of such promise, there could be no recovery against the defendant for the contract price of such goods. This is all that it was necessary for the court to charge on the question as to whether the defendant was or was not the actual purchaser of the goods.

Some errors are assigned on the rulings of the court on the trial. In the bill of particulars which was furnished by the plaintiffs was an item or charge of $46.63 for goods which were shipped to Stefan & Co. The credits showed that these goods had been paid for, and on motion of the plaintiffs this item was stricken out of the bill of particulars. This item was improperly included in the bill of particulars, and was rightfully stricken out. The court had power to allow such an amendment of the bill of particulars, and the ruling could not have prejudiced the defendant.

Another exception taken was to the admission in evidence of the plaintiffs' order-books and ledgers, because it did not

appear that they contained the original entries or charges for the goods sold and delivered. There was abundant testimony aside from these books to prove a sale and delivery of the goods in dispute. The plaintiffs' clerks and the freight agent of the railroad company testified to the fact, and that evidence was uncontradicted. But we think the order-books were admissible in connection with the testimony of the clerks who made the original entries and swore to their correctness. The fact of a sale and delivery of the goods did not rest upon these entries alone, but was abundantly established by the other proof in the case. So that whatever was said by the court in the charge about the books being account books under the statute, and presumptive evidence of the charges contained in them, was unimportant, even if the charge in that regard was not strictly accurate,— a point it is not necessary, upon the undisputed facts, to decide.

Some instructions were asked on the part of the defendant which were refused. That ruling is excepted to and assigned for error. Without reciting these instructions at length, it is sufficient to say in regard to them that all the law which they embraced which was applicable to the evidence is contained in the charge of the court. We have already alluded to the question as to whether or not the defendant was the actual purchaser of the goods, and what was stated by the court upon that point. According to the testimony of the witness Hadley, the agreement which he made with the defendant about being responsible for goods sold and shipped to Marble was made on Sunday. The court was asked to charge that no cause of action could be maintained on a contract made on Sunday. The court did distinctly charge that a contract made on Sunday was void, and that if a party had to trace his right through such an illegal contract he could not recover. There was evidence that the defendant said to Hadley, a day or two after the

conversation on Sunday when he made the first promise, "that he would be responsible for anything sold to Marble by Hadley." This is what the witness Ver Plank testified to, who heard that promise. This was a new agreement, made upon a secular day. If the goods were shipped by the plaintiffs and received by the defendant or by Marble on a secular day, on the faith of the defendant's engagement made upon such a day to pay for them, then he would be legally liable to pay for them, though a similar promise may have been made on Sunday to the same effect; and this, in substance, was what the circuit judge charged. The court said also, to the jury, if they should find that the defendant in the case made no promise except the one said to have been made on Sunday, and he having received the goods on a secular or business day, not having made any promise on a secular or business day, they would be justified in bringing in a verdict against him only for the amount he admitted to be due the plaintiffs. This charge was very favorable to the defendant,— as much so as the law would warrant. See *Schmidt v. Thomas*, 75 Wis. 529. In this case the defendant made an oral contract to buy an organ, book, and stool for $65. No money was paid, and there was no delivery at that time. Plaintiff delivered the organ on Sunday. Afterwards, defendant said to plaintiff, in regard to the organ, "I like it first rate," and inquired for the book and stool, which were thereafter delivered. It was held that, though the contract was void under the statute of frauds, and the delivery made on Sunday, the jury were warranted in finding that there had been a subsequent acceptance validating the contract. That case goes further than necessary to sustain this judgment.

We see no errors in the record which should reverse, and the judgment of the circuit court is therefore affirmed.

*By the Court.*— Judgment affirmed.