## J. M. GROSS v. JOHN FEEHAN, Appellant.

110  163
111  425
110  163
116  714
110  163
130  222

**Intoxicating Liquors:** UNSIGNED ORDER: *Evidence.* In an action for the price of intoxicating liquors, it was proper to admit in evidence the orders on which the plaintiff shipped the liquors, though they were not signed by defendant, where it appears that defendant had verbally given the orders, and had received and kept the liquors.

RECEIPTS OF RAILWAY COMPANY. In an action for the price of liquors it was not error to admit in evidence the receipts of the railway company for the liquors, without showing that the defendant received the goods at his place of business, when there was no dispute but that he had so received them.

HARMLESS ERROR. In an action for the price of intoxicating liquors, where the defense was that defendant conducted an illicit business, and that such fact was known to the plaintiff at the time of sale, it was not prejudicial to refuse to admit testimony showing a want of consent to defendant's business on the part of the owner of the property where it was conducted, where the jury was instructed that defendant's business was unlawful.

SAME. Where the defense to an action for the price of intoxicating liquors was that defendant was engaged in the unlawful sale of liquors, and it was shown that plaintiff had made the sale in good faith, and without knowledge of defendant's unlawful business, evidence tending to show that plaintiff had complied with the law, though superfluous, was not prejudicial.

*Remarks by judge.* That the court, in an action for the price of intoxicating liquors, where the defense was that defendant's business was conducted in violation of the law, made the remark that "the grand jury had better be looking after" defendant, is not ground for reversal.

PAROL: *Written authority to agent.* It was not error to admit evidence as to oral instructions given to a salesman whose authority was in writing, when such evidence was not to show the contents of the writing.

ACCEPTANCE AFTER COUNTERMAND: *Place of contract.* Defendant gave an order in Illinois for intoxicating liquors to be shipped to him in Iowa, and afterwards countermanded the order, but, upon the goods being delivered to him in Iowa, he accepted them. It does not appear plaintiff had actual notice of the countermand. *Held,* that the acceptance of the liquor did not constitute a new contract, made in Iowa, but was a mere waiver of the countermand, and an affirmation of the original contract made in Illinois.

**Examination of Witness:** *Discretion.* The discretion of the trial court in the matter of examining witnesses, say, leading preliminary questions, and the like, will not be interfered with unless it appears that such discretion was abused.

**Withdrawing Answer:** *Discretion.* It is discretionary with the court whether to allow an answer to be withdrawn, and a motion to strike to be filed in its place, especially, where the motion offered appears to be not well taken.

*Appeal from Wapello District Court.*—HON. T. M. FEE, Judge.

SATURDAY, DECEMBER 16, 1899.

ACTION to recover for intoxicating liquors sold. The defense is that the contract of purchase was invalid; that defendant was engaged in selling liquor in violation of the laws of Iowa; and that plaintiff, who was a wholesale dealer at Peoria, Ill., sold the liquors in question with knowledge of defendant's business, and to enable him to violate such laws. Defendant also, by counterclaim, seeks to recover money paid on account of such purchase. There was a jury trial. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*W. S. Coen* and *Jaques & Jaques* for appellant.

*McElroy & Heindel* for appellee.

WATERMAN, J.—The first petition claimed to recover for intoxicating liquors sold in Ottumwa, Iowa, to defendant, who was alleged to be engaged in business under the so-called "Mulct Law." A demurrer to this was sustained. Plaintiff then filed a substituted petition, alleging the sale to have been made in Illinois, and averring again that defendant was doing business under the mulct law. After answer, and during the taking of testimony, defendant asked leave to withdraw his answer, and move to strike the substituted petition. This was refused. The grounds of this motion appear only in argument. It is claimed that the substitute set up some of the same facts that had been held bad on demurrer. We do not think this is so. Furthermore, the ruling can be sustained on the ground that the matter was within the discretion of the court, and the application was not timely. *Bowman v. Railway Co.,* 86 Iowa, 490.

II. Certain written orders to ship the liquors to defendant were introduced by plaintiff. The complaint as to these is that they were not signed by defendant, nor is it

shown that he knew anything of them. There is no dispute but that defendant received and kept these liquors. If plaintiff sent them on these orders, the orders were a part of the transaction, whether defendant knew anything of them or not. Defendant's counsel present the question as though there was an effort being made here to hold defendant for goods which he never received, or had any benefit from. Another reason why the orders were admissible is because the evidence shows they came from plaintiff's salesman, who says they were given verbally by defendant. We may well notice in this connection the claimed error of the court in permitting plaintiff to introduce receipts from the railway company for these goods. It is said this was not followed up by a showing that defendant received the goods at Ottumwa. But there is no dispute as to the fact that defendant received them. He not only received them, but paid for them in part, and is seeking in this action to recover the amount so paid. What is here said disposes of the objection to the introduction of the letter purporting to be signed by defendant.

A question asked plaintiff was objected to as leading. The answer was taken. This is made a ground for complaint. The question was preliminary. In matters of this kind the trial court has a considerable discretion. We do not interfere unless it appears this discretion was abused (1 Greenleaf Evidence 435; *Hall v. Bank,* 55 Iowa, 612), and no such showing is made here.

Defendant sought to prove by one Noah what a Mrs. Berry said to him as to her ownership of the real property on which she resided,—a rather roundabout way of proving title. The question of title to this property was not in issue between these parties. The matter was but incidental to the questions involved. The purpose of this testimony is not disclosed in the evidence, or mentioned in the argument. We infer from circumstances that the object was to show a want of consent to defendant's busi-

ness on the part of this property owner. The error, if any, in this ruling, was not prejudicial, for the court told the jury that defendant at this time was conducting an unlawful business. Under this instruction it is manifest that the particular fact that made it unlawful was immaterial.

The objection to the question as to what oral instructions plaintiff gave to the salesman who took the order from defendant is not well founded, although the agent's authority was in writing. The question does not call for the contents of the writing.

Another complaint without foundation is that the court refused to permit defendant to introduce in evidence the original petition. The court did so rule at one time, but afterwards the permission asked was granted.

III. The next matter relating to the admission of evidence may be considered in connection with the objection made to certain instructions. Plaintiff was permitted to introduce evidence tending to show that defendant had complied with chapter 62 of the Twenty-fifth General Assembly, known as the "Mulct Law." The evidence fell short of showing the fact, but the court, in certain instructions, told the jury what was necessary to be done by defendant in order to bring him under the protection of this statute. These instructions are challenged. It is not disputed that plaintiff was lawfully engaged in the sale of intoxicating liquors at Peoria, in the state of Illinois. If the sales were made to defendant at Peoria (a point which we shall consider hereafter), then, if they were made with no intent on plaintiff's part to aid defendant in violating the statutes of Iowa, he can recover; that is, if plaintiff, when he made the sales, did not know defendant was engaged in this state in an illicit traffic, the contract would be enforceable. Inasmuch as plaintiff had testified to his good faith, and there was no evidence to contradict him, the testimony in relation to the compliance by defendant with the requirements of the mulct law was superfluous. The only bearing it

had was in the way of corroborating plaintiff as to his knowledge and intent. It could not have prejudiced defendant. So with relation to the instructions. They need not have been given, but they did no harm, for the jury was told definitely and positively, as already said, that when defendant made these purchases he was engaged in an unlawful business. This is especially true of instruction No. 6 asked by defendant, and given by the court. In this paragraph the jury are told that it is their duty to find, as matter of law, that defendant's business was unlawful while he was engaged in the sale of liquor at the corner of Samantha and Union streets, and the undisputed evidence shows that the purchases from plaintiff were made during this time.

IV. Where were these sales made, is the next question. As to all except the first order, there is no substantial dispute but that they were made in Peoria, Ill. As to these items the rule applies which is announced in *Tegler v. Shipman,* 33 Iowa, 194; *Brewing Co. v. De France,* 90 Iowa, 395. With relation to the first order, the facts are these: After it was given, defendant, by notice to plaintiff's agent who took the order, countermanded it. It is not shown that plaintiff had actual notice of the countermand. He shipped the liquor on the order, and it was accepted by the defendant. The latter claims he is liable only on an implied contract by reason of his acceptance in Ottumwa, and that this makes it an Iowa contract. But we think, when defendant accepted the goods shipped on his order, he waived his countermand, and affirmed the contract made by the order and its acceptance. As said in *Plow Co. v. Meredith,* 107 Iowa, 498: "To avail (himself) of any objection to carrying out the contract (defendant) should have refused to receive the property, or, if received, should have held it subject to the wish of appellee." What we have already said disposes of other objections made to the charge of the court. The instructions state the law with substantial accuracy.

V. Finally, a remark made by the court is urged as a ground for reversal. It was a part of the defense that Feehan was engaged in the unlawful sale of intoxicating liquors.

In discussing an objection, his counsel urged this claim. The court, in ruling, said, "The grand jury had better be looking after him." The remark, if not justified, was not prejudicial. The defendant was openly pressing his own criminal act as a defense to a civil liability. The fact that it aided such defense did not relieve him from criminal responsibility. The court called attention to the fact, and that is all. We are inclined to make considerable allowance for the conscientious impulse that rebukes in this manner such a claim as was here forced persistently upon the attention of the court. We discover no error in the proceedings, and the judgment is AFFIRMED.

GRANGER, J., not sitting.