D. SACHS & SONS v. GEO. W. GARNER, Appellant.

**Intoxicating Liquors:** SALE BY NON-RESIDENT: *Iowa contracts.* Where the traveling salesman of one who deals in intoxicating liquors in another state, his authority being limited to take orders subject to the approval of his employer, receives an oral order for whisky to be shipped from such other state, and paid for by the vendee by giving the price to the salesman, or by remittance to the vendor, the contract, not being completed until accepted by the vendor, there is no contract made in this state, and in contravention of the laws of this state against the traffic in intoxicating liquors, although the purchaser was not aware of the limitation on the salesman's authority, no attempt being made to mislead him in this regard.

*Appeal from Harrison District Court.*—HON. WILLIAM HUTCHINSON, Judge.

THURSDAY, MAY 17, 1900.

ACTION in equity for two hundred and ten dollars and seventy-nine cents on account of whisky sold in 1897, and to subject certain notes deposited as collateral security to the payment thereof. The answer averred these sales to have been made in Iowa, and in contravention of its laws; and in a counterclaim filed the defendant asked judgment for four hundred and ten dollars and sixty-three cents previously paid plaintiff for whisky. Decree for the plaintiff as prayed, and dismissing the counterclaim. The defendant appeals.—*Affirmed.*

*S. I. King* for appellant.

*S. H. Cochran* for appellee.

LADD, J.—It appears that oral orders were given by the defendant for whisky to be shipped by the plaintiff from Louisville, Ky., to Persia, Iowa; the freight to be paid by

him in the first instance, and subsequently deducted from the purchase price to be handed to plaintiff's traveling salesman; or remitted to the house according to his choice. The salesman taking these orders sent written memoranda thereof noting time of shipment, and on some of them were stamped the words, "This sale is not complete until approved by D. Sachs & Sons." This is not important, however, for the reason that the authority of the salesman was limited to taking orders subject to such approval. No inquiry was made by the defendant concerning his powers. No part of the price was paid, nor any of the goods delivered, when the orders were taken, and he knew from whence the whisky was to come. The salesman did nothing calculated to mislead him into the belief that the sales were completed; nor was the character of the transaction such as to indicate apparent authority on his part to make a sale, rather than to receive orders for goods subject to the approval of his principal. Had the plaintiff refused to ship, no one would say, under these circumstances, that a cause of action accrued in favor of defendant. Why? Because the salesman had no authority, actual or apparent, to sell, and hence there was no sale until the plaintiff accepted the orders by delivery or otherwise. As the agent did not undertake to do more than take orders, and the defendant was not misled into believing a sale was intended, these cannot be treated as contracts until accepted. As said by Cole, J., speaking for the court, in *Tegler v. Shipman*, 33 Iowa, 198: "To take an order for liquors is one thing, and to agree to accept the order, and to fill it, is quite another; the former is a proposition, while the latter is the consummation of a contract.". The orders were not accepted until they reached Kentucky, and for this reason that was the place of the contract. *Whitlock v. Workman*, 15 Iowa, 351; *Engs v. Priest*, 65 Iowa, 232; *Wind v. Iler*, 93 Iowa, 316; *Gross v. Feehan*, 110 Iowa, 163; *Tegler v. Shipman, supra.*—AFFIRMED.