## J. T. S. BROWN & SONS v. J. J. WIELAND *et al.*

**Intoxicating Liquors:** RECOVERY OF PRICE PAID FOR: *Contracts not made in Iowa.* Code, section 2423, providing that all payments for intoxicating liquors sold in violation of the chapter should be held to have been received in violation of law, and on a valid agreement of the receiver to repay on demand the consideration therefor, does not affect a sale made outside of the state, though in response to an application secured by an agent in the state, and there delivered to the purchaser.

WHAT IS IOWA SALE. Where the seller ships the liquors into the state under a bill of lading taken in his own name, and sends the bill of lading to a bank, with directions to deliver to the purchaser on making a certain cash payment and delivering certain notes, etc., the sale is an Iowa sale, and invalid within the statute.

COUNTERCLAIM FOR: *Time of making demand for repayment* Code, section 3570, provides that a counterclaim consists of a cause of action in favor of defendant which he "might have brought when suit was commenced, or which was then held, either matured or not, if matured when so pleaded." Section 2423 provides that all payments for intoxicating liquors are received on a valid agreement by the receiver to repay the consideration on demand. *Held,* that the obligation to repay the consideration is positively imposed, and the time of repayment, only, is dependent on demand, and therefore a claim by a purchaser of liquor for repayment of the purchase price already paid was held by the latter at the institution of a suit for the balance due, and, where matured by demand, before being pleaded, constituted a good counterclaim in his favor.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, FEBRUARY 8, 1902.

ACTION on a promissory note signed by J. J. Wieland and E. R. Wieland, his wife. Defendants allege that the consideration of the note was intoxicating liquors sold in violation of law, and by way of counterclaim the de-

fendant J. J. Wieland seeks to recover from plaintiffs money paid to plaintiffs by said J. J. Wieland for intoxicating liquors unlawfully sold and delivered by plaintiffs to said defendant in this state. The court sustained a demurrer to defendant's counterclaim, and, on the trial to a jury, directed a verdict for defendant on the issue as to the promissory note. From the judgment on this directed verdict, plaintiffs appeal, and defendants appeal from the ruling on demurrer to the counterclaim. The litigation appears to be solely between plaintiffs and J. J. Wieland, and he will be treated as sole defendant.—*Affirmed* in part, and *reversed* in part.

*Geo. W. Bowen* and *John H. Mosier* for plaintiffs.

*M. W. Beach* for defendants.

McCLAIN, J.—Plaintiffs, carrying on the business of selling intoxicating liquors as wholesale dealers at Louisville, Ky., received in March, 1899, through their agent in Iowa, an order from defendant for certain kinds and quantities of liquor, to be shipped to him at Audubon, Iowa; the total amount to be paid for the liquors purchased being $1,670. This order was taken subject to the' approval of plaintiffs, and, if sale had been effected in accordance with its terms, such sale, so far as appears, would have been valid, and the purchase price could have been collected by plaintiffs. But negotiations were subsequently carried on between the parties, by telegram and letter, with reference to change of terms, and there was a question as to whether the order had not been revoked by Wieland. In the meantime the liquors had already been shipped to Audubon under a bill of lading taken by plaintiffs in their own name, with direction to the railroad company to notify defendant; and this bill of lading had been sent to a bank, with direction to deliver it to defendant on his making a certain cash payment, and delivering certain notes, partly secured, for the balance of the purchase

price.   As a result of the negotiations, new terms of pay-
ment were agreed upon; and the bank was directed by
plaintiffs to deliver the bill of lading to defendant when he
should pay one-fifth of the purchase price in cash, and give
notes for the balance, which should mature at various
times—two of them to be secured by the signature of his
wife, as surety.   Defendant paid the money in accordance
with this last arrangement, and delivered the notes, duly
executed, and received the bill of lading, by means of which
he secured from the railroad company the liquors specified
therein.   Three of the notes have been paid, and this ac-
tion is brought on the fourth and last of them.   The coun-
terclaim is for the recovery of the amount of the cash pay-
ment, and of the notes which had already been paid when
suit was commenced.   The defense to plaintiff's action on
the note and the counterclaim are both base upon the pro-
visions of Code, section 2423, the material part of which,
as affecting this case, is as follows:   "All payments or com-
pensation for intoxicating liquors sold in violation of this
chapter, whether such payments or compensation be in money
or anything else whatsoever, shall be held to have been re-
ceived in violation of law, and to have been received upon
a valid promise and agreement of the receiver to pay on
demand to the person furnishing such consideration the
amount of said money, or the just value of such other
thing.   All sales, transfers, liens and securities of every
kind which either in whole or in part shall have been made
for or on account of intoxicating liquors sold in violation of
this chapter shall be null and void against all persons, and
no rights of any kind shall be acquired thereby.   *   *   *"
     It is well settled in this state that where a sale of liquor
is made outside of the state, though in response to an appli-
cation secured by an agent in the state, the sale is not in-
valid on account of the provisions of   the   section
above referred to, and the seller may recover the
price of the liquor, although the liquor is shipped

by a common carrier into the state, and by the carrier delivered to the purchaser. This is on the theory that the sale is completed outside of the state, by the delivery of the liquor to the carrier for transportation, and, unless there has been an intent on the part of the seller to assist the buyer in violating the laws of this state, the transaction is not illegal, so far as the laws of the state are concerned. *Whitlock v. Workman,* 15 Iowa, 351; *Tegler v. Shipman,* 33 Iowa, 194; *Fred Miller Brewing Co. v. De France,* TJ Iowa, 395; *Wind v. Iler,* 93 Iowa, 316; *Gross v. Feehan,* 110 Iowa, 163; *Sachs v. Garner,* 111 Iowa, 424; *Schuenfeldt v. Junkermann* (C. C.) 20 Fed. Rep. 357. If these liquors had been shipped directly to defendant, the subsequent modifications of the terms of the sale would probably not have converted the transaction into an Iowa sale. *Gross v. Feehan, supra.* But plaintiffs, by delivering the liquors to the carrier under the bill of lading taken in their own name, did not make the delivery to the defendant in Kentucky. While the mere fact of taking the bill of lading in plaintiff's name might not in itself be controlling, yet it is plain, from the entire transaction, that plaintiffs did not intend that the title to the liquor should pass to defendant, until defendant complied with the terms of the contract, by making payments and delivering the notes at the bank in Iowa, and thereby became entitled to the bill of lading, which was then to be delivered to him. Until the defendant thus procured the bill of lading, he was not to have any control over the liquors, and he was not, of course, the owner thereof. Delivery of the liquors to the defendant under the contract was to be made, and was made, only when defendant became entitled to the possession of the bill of lading by performing his part of the contract. At this time the liquors were in Iowa, and we cannot escape the conclusion that the sale was therefore an Iowa sale. Plaintiffs suggest that the transaction was similar to a shipment of goods C. O. D., and that it has been held that such a trans-

action passes the title when the goods are delivered to the carrier. Without discussing that question, about which there is some conflict in the authorities, it is sufficient to say that this was not a similar case. The shipper here retained the full ownership and right to dispose of the goods, and did, in fact, alter the terms upon which the goods should be delivered to the defendant; assuming to do so as the owner of the goods, having full control over them. Nor is the case like that of *Wind v. Iler, supra,* where it was held that the right of the buyer to inspect on receipt was not inconsistent with the title having passed at the time and place of shipment, inasmuch as a right of inspection and rejection is incident to a sale, which is completed by delivery to the carrier, of goods selected by the seller without the buyer's inspection and approval. We reach the conclusion therefore, that the sale was made in Iowa, and was void under the section of the Code already referred to, inasmuch as the plaintiffs had no authority to make sales of liquor in this state.

With reference to the ruling of the court sustaining plaintiff's demurrer to defendant's counterclaim, the contention is that the action to recover money paid as consideration for the illegal sale of intoxicating liquor can only be maintained after demand for repayment (*Schober v. Rosenfeld,* 75 Iowa, 455), and, as such demand in this case was not made by defendant until after the ᵢcommencement of plaintiffs' action, recovery cannot be had by way of counterclaim. Code, section 3570, so far as applicable to this case, requires that a counterclaim shall consist of a cause of action in favor of defendant, and against plaintiff, which the defendant "might have brought when suit was commenced, or which was then held, either matured or not, if matured when so pleaded." Defendant insists, however, that the demand was material only for the purpose of maturing the claim which already existed, and had existed from the time the money was paid;

and this view seems to be supported by the language of Code, section 2423, already quoted. When the plaintiffs received in Iowa, as consideration for the sale of liquors unlawfully made in Iowa, the payment by cash and notes, they did so under the condition imposed by the statutory provision that such compensation "was received upon a valid promise and agreement of the receiver to pay on demand to the person furnishing such consideration the amount of said money, or the just value of such other thing." By the provision of the statute the duty to repay is directly and positively imposed, and the time of repayment, only, is dependent on the demand. Therefore, defendant's claim against plaintiffs was already held by him when plaintiffs' action was brought, and it was matured by demand before it was interposed as a counterclaim, and the demurrer to his counterclaim should have been overruled.

The case is therefore affirmed on plaintiffs' appeal, and on the appeal of defendant it is REVERSED.