P. J. BOWLIN LIQUOR COMPANY, Appellee, v. J. H. BRANDENBURG, Appellant.

**Sunday Contract:** RATIFICATION. An executory contract for the sale of goods made on Sunday was not void when there was a subsequent ratification by delivery and exceptance on a secular day.

**Intoxicating liquors:** SALE IN A FOREIGN STATE: RECOVERY. A recovery may be had for liquors sold and delivered on an order given in this state subject to approval or rejection at the place of business of a foreign vendor, as the same on approval becomes a foreign contract and subject to the law of that state.

**Presumption as to foreign laws:** RIGHT TO RELY ON. Where the defendant, in an action for the price of liquor sold in a foreign state, pleaded that the sale was with the intent and purpose that it should be resold in Iowa contrary to the law of this state, he could not rely on the presumption that the law of the

foreign state, where the contract was made, was the same as the law of Iowa.

*Appeal from Butler District Court.*— HON. C. H. KELLY, Judge.

MONDAY, MARCH 12, 1906.

ACTION at law on account for merchandise sold and delivered. There was a directed verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*M. Hartness,* for appellant.

*C. M. Green,* for appellee.

WEAVER, J.— The petition declares upon an account for liquors alleged to have been sold to the defendant in the state of Minnesota. In addition to a general denial, the defendant pleads: First, that the sale of liquors, or a large part thereof, for which payment is claimed, were sold to defendant on Sunday; and, second, that all of said liquors were sold to plaintiff with the intent and for the purpose, that they should be re-sold in this state, contrary to the statutes in such case made and provided.

I. The evidence discloses that plaintiff company is a wholesale liquor dealer at St. Paul, Minn., and that on Sunday, June 14, 1903, its traveling salesman called upon defendant at his residence at Dyersville, Iowa, and then and there took his order for a quantity of liquors, with which defendant proposed to stock a saloon at Strawberry Point, Iowa. The liquors thus ordered were thereafter shipped to and received by the defendant, and the price thereof is a part of the account on which this suit is brought. That an executory contract of sale made on Sunday will not be enforced by the courts of this state is too well known and established to require citation of authorities, but it is also the settled rule in this and

1. SUNDAY CONTRACT: ratification.

many other states that, where the parties to an executory Sunday contract thereafter unite in recognizing its obligation by making and acepting a delivery of the property on a subsequent secular day, they are held to have ratified the agreement, and it may be enforced, according to its terms, to the same extent as if the negotiations had been begun and completed on the day of the delivery. *McKinnis v. Estes,* 81 Iowa, 749; *Bell v. Mahin,* 69 Iowa, 408; *Russell v. Murdock,* 79 Iowa, 104; *Kountz v. Price,* 40 Miss. 341; *Rosenblatt v. Townsley,* 73 Mo. 536; *Merrill v. Downs,* 41 N. H. 72; *Hopkins v. Stefan,* 77 Wis. 45 (45 N. W. 676); *Foreman v. Ahl,* 55 Pa. 325. In the case at bar, while the goods were ordered on Sunday, they were not delivered and accepted until a later day, and the court correctly ruled that the sale could not be avoided as having been made in violation of the Sunday law.

II. It may be conceded that, had the sale of the liquors for the payment for which this action is brought been made in Iowa, the second special defense pleaded would be in-

2. Intoxicating surmountable. It is shown, however, without
liquors: sale dispute, that the order given by defendant was
in foreign
State: recovery. made upon the plaintiff, a dealer in Minnesota, from which place the goods were to be shipped into this state. It is also shown without dispute that the authority of the traveling agent or salesman went no farther than to take and transmit such orders subject to the approval of his employer, and that such was the order sent in on behalf of the defendant. This was not a violation of the law of Iowa, and the indebtedness thus contracted by the defendant is enforceable in our courts, because the contract of sale is held to have been made in Minnesota, where it first became effective by the plaintiff's approval of the defendant's order. *Sachs v. Garner,* 111 Iowa, 424; *Gross v. Feehan,* 110 Iowa, 163; *Wind v. Iler,* 93 Iowa, 316.

The defendant seeks to avoid this point in argument,

by citing the rule that, in the absence of evidence to the contrary, this court will assume that the laws of Minnesota are like our own, and we must therefore treat the contract as invalid in Minnesota as well as in Iowa; but defendant, in this count of his answer, pleads and relies solely upon the Iowa statute, and under the issue thus presented we are not at liberty to consider the effect of the presumption, if any there be, as to the statutes of another state. Besides, there was evidence that the sale in Minnesota was not unlawful.

3. PRESUMPTION AS TO FOREIGN LAWS: right to rely on.

The judgment of the district court is correct, and it is *affirmed*.