LIPPERT, Respondent, vs. GARRICK THEATRE COMPANY, Appellant.

*December 7, 1910—January 10, 1911.*

*Sunday: Contracts.*

A contract, made on a secular day, providing that plaintiff should enter defendant's employ on a subsequent secular day, was not void under sec. 4595, Stats. (1898), merely because plaintiff's salary was to commence on the first day of the next month, which was Sunday, where there was no provision that any work should be done on that day and both parties performed the agreement for a long time thereafter.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge.  *Affirmed.*

This is an appeal from a judgment awarding the plaintiff $735.16 on account of alleged breach of contract on the part of the defendant by discharging the plaintiff before the term of services under a contract had expired.  The contract was made on the 31st day of July, 1907, and provided in effect that the defendant employed the plaintiff as its buffet and bar manager for the season commencing September 1, 1907, for a period of forty weeks at a salary of $100 per month, and allowed him the use of the floor bar during the period that the defendant's theater was closed, without cost for rent; that the plaintiff was to enter the employ of the defendant August 26, 1907, and receive no pay until September 1, 1907; and further provided that the duty of the plaintiff should be to supervise all bars, and he was to receive his pay weekly.  The agreement was conditioned that plaintiff's work should be reasonably satisfactory.

The complaint sets up this contract and that plaintiff entered the employ of the defendant under it on the 26th day of August, 1907, on the terms and conditions of the contract, and duly performed his duties thereunder until the 30th day of November, 1907, at which time the defendant discharged

him without cause and for the purpose of defrauding him out of the benefits and profits of said contract, and has since refused to be bound by said contract, and refused to permit plaintiff to continue in said employment, and has denied him the use of the floor bar or other privileges under the contract, all of which were very valuable, by reason of which plaintiff sustained $2,000 damages.

The answer admits the contract as alleged, and that on the 26th day of August, 1907, plaintiff entered upon the performance of his duties under such contract, and continued until November 30, 1907, and alleges that he was at that time justly discharged by defendant on account of gross incompetency and insubordinateness. The jury returned the following verdict:

"(1) Did the defendant, *Garrick Theatre Company,* acting in good faith, adopt a resolution on the 13th day of November, 1907, discharging the plaintiff on the 30th of November because his work as 'supervisor of all bars' in the Gayety Theatre was not 'reasonably satisfactory to the management' thereof?    *A.* No.

"(2) Was the defendant justified in discharging the plaintiff because his work was not 'reasonably satisfactory to the management' of the defendant company as 'supervisor of all the bars' in the Gayety Theatre?    *A.* No.

"(3) If you answer the foregoing questions 'Yes,' you need not answer this question; otherwise answer this question: What was the reasonable value of the use of the floor bar in the Gayety Theatre from June 6, 1907, to August 20, 1907?    *A.* $187.

"(4) If you answer questions 1 and 2 'Yes,' you need not answer this question; otherwise answer this question: At what sum do you assess the plaintiff's damages?    *A.* For the value of the use of the bar, $187; for the value of services, $573."

Motions were made by defendant for judgment notwithstanding the verdict, to change the answers in the verdict, to set the verdict aside and grant a new trial, all of which were

·denied, and judgment rendered for the plaintiff on the verdict, from which this appeal was taken.

For the appellant there were briefs by *Fred A. Landeck* and *Robert R. Freeman,* and oral argument by *Mr. Landeck.* *W. B. Rubin* and *W. C. Zabel,* for the respondent.

KERWIN, J.   There is no bill of exceptions in this case, and the only question here for review is whether the pleadings support the judgment.   This involves consideration of the contract set up in the complaint as the basis of the plaintiff's cause of action.   It is insisted by appellant that this contract is void under sec. 4595, Stats. (1898), which prohibits certain labor, business, or work on the first day of the week, ·commonly called Sunday.   The contract was executed on July 31, 1907, and provided that the term of service should ·commence on the 26th day of August, 1907, and that the salary commence on September 1, 1907, and continue for a period of forty weeks, payable weekly.   The plaintiff entered upon the performance of the contract August 26th and ·continued to work under it until November 30, 1907, and was paid for all services up to that date.   Neither the 31st of July nor the 26th of August, 1907, was Sunday, but September 1st was, and it is insisted that because the salary, by the terms of the contract, was to commence on Sunday the contract was void.   There are several reasons why this contention cannot be sustained.   In the first place the contract does ·not provide that any services shall be performed on September 1st.   It provides that the salary shall be paid weekly and ·shall commence September 1st.   A construction cannot be placed upon a contract which will render it void and unlawful when capable of one which will render it lawful and valid. ˉMoreover, this court has held that although some acts be done under a contract on Sunday it is not void if it be carried out ·on a secular day.   *King v. Graef,* 136 Wis. 548, 117 N. W. ·1058.   And even a Sunday contract may by a subsequent

promise to carry it out, or by acts done in performance of it, be validated. *Melchoir v. McCarty,* 31 Wis. 252; *Williams v. Lane,* 87 Wis. 152, 58 N. W. 77; *Hopkins v. Stefan,* 77 Wis. 45, 45 N. W. 676; *Schmidt v. Thomas,* 75 Wis. 529, 44 N. W. 771; *Sentinel Co. v. A. D. Meiselbach M. W. Co., ante,* p. 224, 128 N. W. 861. There is no question here of claim for services performed on Sunday. The contract was made on a secular day and performed by both parties until long after September 1st, namely, November 30th. There is no doubt, under the decisions of this court and the facts established by the pleadings, but that the contract was valid, and therefore the judgment below cannot be disturbed.

*By the Court.*—The judgment of the court below is affirmed.