Service System, Incorporated, Appellant, v. Daryl D. Johns, Appellee.

NOVEMBER 13, 1928.

*Raymond M. Hedinger*, for appellant.

*C. E. Bellew*, for appellee.

ALBERT, J.—I. The record situation in this case is: This petition was filed on the 21st day of February, 1927. On March 4th following, defendant entered an appearance by his attorney, demanded a jury trial, and the case was duly assigned for trial at 9 o'clock A. M., April 4, 1927. On the latter date, the court made the following entry:

"Now on this day, case being called for trial, plaintiff appearing by Raymond M. Hedinger, its attorney, and defendant failing to appear, is declared to be in default for want of attention."

Five days later, on April 9th, judgment was entered against the defendant for $41.66, with interest and costs. On April 18, 1927, defendant filed an unverified motion to set aside default judgment, and as grounds therefor alleges: (1) That the judgment was fraudulent and void, because the plaintiff is a foreign corporation, organized under the laws of the state of New Jersey, and has not complied with Chapter 386, Code of Iowa, 1924, and has no right to sue in the courts of this state upon a contract made within the state; (2) "that this defendant has a good defense to the above named action."

On April 18, 1927, defendant filed his affidavit, in which he recites that, on or about the 21st day of March, 1927, he employed C. E. Bellew, an attorney, to represent him in a suit wherein the Service System, Incorporated, of Newark, New Jersey, had sued

him for a balance of $46.12 on account of advertising matter which defendant contracted for from an agent of plaintiff's. The affidavit further states:

"I informed my attorney, after he had entered an appearance in the case, that I was settling the matter with the plaintiff's attorney, and failed to inform him that we could not reach an agreement, and to continue the case. That I have a good defense to said action; that the amount sued upon does not represent the true amount of said account."

On April 25, 1927, defendant filed an answer in two counts. In the first count, he admits that he owed the plaintiff the sum of $25.80. In the second count, he alleges that, on information and belief, the defendant is a foreign corporation, and has not complied with Chapter 386, Code of Iowa, 1924, and the court has not jurisdiction in the hereinabove entitled matter.

Resistance was filed to defendant's motion to set aside the default judgment, and, on the 17th day of May following, the court overruled the motion, but later, on May 21st, on a reconsideration of the matter, made the following order:

"The court finds that the plaintiff is a foreign corporation which has not obtained a permit to do business in the state of Iowa, as by statute provided, and that, under the law, it is prohibited from maintaining an action in court. That the court had no jurisdiction to render judgment or of the subject-matter of this case. Therefore, the judgment is vacated and case is dismissed at plaintiff's costs."

The matter involved herein being less than $100, it comes to us on a certificate from the trial judge, certifying the question of the jurisdiction and power of the trial court to make said final ruling in this cause, under Chapter 386, and especially Section 8427, Code of 1924.

It appears from the record that the defendant was engaged in the radio business in the city of Des Moines; that the subject of contract between these parties was certain advertising matter to be used by the defendant in connection with his business. The plaintiff is a corporation organized under the laws of the state of New Jersey, with its principal place of business at Newark, in that state.

On April 9, 1924, a salesman for the plaintiff corporation solicited the defendant for an order for goods, which order was in writing, and is a part of the record in the case. It specifies the amount and character of the goods, and provides that it is subject to acceptance by the Service System, Incorporated, and is signed by the defendant. The order was forwarded presumably by mail to the plaintiff, was filled on May 5th following, and shipped to the defendant over a common carrier. The goods were received by the defendant, and he made payments thereon in the amount of $45.20.

Briefly stated, the question here involved is whether or not the ruling of the court, based on Chapter 386, Code of 1924, is controlling. This chapter, generally speaking, provides for the making of applications by foreign corporations to the secretary of state for permits to do business in this state. Section 8427 thereof provides:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such permit."

The question, therefore, is, Was this contract a contract made in the state of Iowa? The lower court seems to have been of the opinion that it was, and that, therefore, plaintiff could not maintain this action. With this conclusion we cannot agree.

In the case of *Tegler & Co. v. Shipman*, 33 Iowa 194, the suit was on a promissory note given at Jefferson, Greene County, Iowa, for intoxicating liquor. The plaintiff requested the following instruction:

"The jury are instructed that, if they believe from the evidence that the order or orders, some or all of them, on the plaintiffs were procured by their agent for procuring orders in the state of Iowa, and that said orders were given by the defendant on the plaintiffs, who were doing business at Rock Island, in Illinois, subject to their approval or disapproval, then no sale would take place until the orders were accepted or approved by them in Rock Island, and the place of contract would not be by such order determined to be in Iowa; that the mere giving of an order does not fix the place of contract."

In that case, the lower court was reversed for failure to give this instruction. This case announces the general rule that, where an order for goods or merchandise is taken in one state and forwarded to another which is the home office of the corporation or of the principal of the agent who took the order, and such order is subject to acceptance or approval by the principal, the contract is not a contract of the state where the order is taken, but is one of the state where the principal resides. This rule has been consistently followed in this state in the following cases: *Adae & Co. v. Zangs*, 41 Iowa 536; *Second Nat. Bank v. Curren*, 36 Iowa 555; *Taylor & Co. v. Pickett*, 52 Iowa 467; *Engs & Sons v. Priest*, 65 Iowa 232; *Gipps Brew. Co. v. De France*, 91 Iowa 108; *State v. Colby*, 92 Iowa 463; *Wind v. Iler & Co.*, 93 Iowa 316; *Gross v. Feehan*, 110 Iowa 163; *Sachs & Sons v. Garner*, 111 Iowa 424; *Brown & Sons v. Wieland*, 116 Iowa 711; *Hamilton v. Schlitz Brew. Co.*, 129 Iowa 172; *Bowlin Liquor Co. v. Brandenburg*, 130 Iowa 220; *State v. Davis*, 62 W. Va. 500 (60 S. E. 584, 14 L. R. A. [N. S.] 1142).

The inevitable conclusion from this line of cases, as applied to the facts of this case, is that, while the order for these goods was taken in the state of Iowa, it was approved and accepted in the state of New Jersey, and hence the contract was a New Jersey, and not an Iowa, contract. This being true, the aforesaid sections of the Iowa statute are not controlling, because the prohibition in the aforesaid Section 8427 only forbids foreign corporations from bringing an action in the courts of this state "*upon any contract made by it in this state.*" It is quite apparent, therefore, that, this being a New Jersey contract, the aforesaid section of the statute is not controlling, and the plaintiff had the right, regardless of that section, to bring and maintain this action.

II. It is urged, however, that the motion to set aside the default judgment was not filed within the time provided by statute in such cases. The judgment was entered in the lower court on the 9th day of April, 1927, and the motion to set aside the same was filed on the 19th day of April following. It is apparent, therefore, that the motion was filed within the time provided by Section 10681, Code of 1927.

For the error pointed out, the case is reversed.—*Reversed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.